Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

3:07cv915-ID

| United States District Court | District | MIDDLE DISTRICT OF ALABAMA |
|---|---|---|

| Name (under which you were convicted): MARVIN C. THOMPSON | Docket or Case No.: 3:92.CR-162 JDM |
|---|---|

| Place of Confinement: FCC YAZOO CITY (LOW) | Prisoner No.: 84302-020 |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | MARVIN C. THOMPSON |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    U.S. DISTRICT COURT

    P.O. BOX 711

    MONTGOMERY, AL 36101-0711

    (b) Criminal docket or case number (if you know): __3:92.CR-162 JDM__

2. (a) Date of the judgment of conviction (if you know): __April 4, 2006__

    (b) Date of sentencing: __April 4, 2006__

3. Length of sentence: __46 months__

4. Nature of crime (all counts): _____

    Obstruction of Government Operation

    Unlawful Possession of Controlled Substance (Cocaine)

    Convicted Felon Possession of a Firearm

5. (a) What was your plea? (Check one)

    (1)  Not guilty ☒          (2)  Guilty ☐          (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    Not Applicable

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☒      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

    (a) Name of court: __11th Circuit Court of Appeals__

    (b) Docket or case number (if you know): __No. 06-12309__

    (c) Result: __Conviction and Sentence Affirmed__

    (d) Date of result (if you know): __December 13, 2006__

    (e) Citation to the case (if you know): __Unknown__

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

       If "Yes," answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

       _____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

       (5) Grounds raised: _____

       _____

       _____

       _____

       _____

       _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

       Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: __11th Circuit Court of Appeals__

       (2) Docket or case number (if you know): __Unknown__

       (3) Date of filing (if you know): _____Unknown__

(4) Nature of the proceeding: __Motion for Reconsideration & Hearing En Banc__

(5) Grounds raised: __That attorney Don Bethel had refused to represent me__
__further on my appeal and stated that he was not required to do__
__Certioari. The grounds raised were not cited in the motion because__
__I was only attempting to alert the Court that I was being denied__
__counsel at that crucial stage.__

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ☒

(7) Result: __Denied Hearing__

(8) Date of result (if you know): __Unknown__

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __Not Applicable__

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑  No ☒

(2) Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ___My attorney declined to represent me for the filing of any___ ___proceeding subsequent to the direct appeal. By the time he informed me___ ___that he would not file the En Banc motion, the deadline had expired.___

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: ___INEFFECTIVE ASSISTANCE OF COUNSEL___

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____( See Addendum # 1 )_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

___My attorney filed the direct appeal. At that point the extent of___ ___his ineffectiveness had not become apparent.___

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___Reconsideration for Hearing En Banc___

Name and location of the court where the motion or petition was filed: _____

_____11th Circuit Court of Appeals_____

_____Atlanta, Georgia_____

Docket or case number (if you know): ___Unknown_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____Denied for lack of timely filing_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____Not Applicable_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____The issue was one of procedural default not subject to appeal._____

_____

_____

_____

**GROUND TWO:** _____ACCESS TO NEW EVIDENCE_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____( See Addendum # 2 )_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

      _ The incident which brought this issue to light did not occur until _

      November of 2006. _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: ___ Not applicable _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** _____ ACCESS TO NEW LAW _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

( See Addendum # 3 )

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

____ The decision that gave rise to the new law was not handed down

until after my direct appeal.

(c)  **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ Not applicable _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: _____ INEFFECTIVE ASSISTANCE OF COUNSEL _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____ ( See Addendum # 4 ) _____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

        My attorney filed the direct appeal. At that point the extent of

        his ineffectiveness had not become apparent.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____ Not applicable _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them: _____

   None of the grounds raised in this motion have previously been raised

   in any federal court for the specific reasons cited. The pertinent

   information was not known at the time of my direct appeal.

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?      Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing: ___ None _____

_____

(b) At arraignment and plea: ___ Donnie Bethel _____

_____ 407 The RSA Tower - 201 Monroe St. - Montgomery, AL 36104

(c) At trial: _____ Same as above. _____

_____

(d) At sentencing: _____ Same as above. _____

_____

Page 12

(e) On appeal: _____ Same as above, except for his refusal to represent me _____ at my Rehearing En Banc - Certioari. _____

(f) In any post-conviction proceeding: _____ Not applicable. _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_____ Not applicable. _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.*_____

_____Not applicable._____

_____Motion is timely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: *See addendum*

*relief requested section sheet*

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *October 8th 2007* (month, date, year).

Executed (signed) on *October 8, 2007* (date).

*Marvin Thompson.*

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

(RE: 3:92.CR-162-JDM)


MARVIN.C.THOMPSON

        -V-

UNITED STATES OF
        AMERICA


                    (2255)

                 (ADDENDUM)

        _grounds_and_supporting_facts_

## ANALYSIS OF THE ISSUES

The purpose and scope of the traffic stop has been over-shadowed and swept under the rug. These actions have prejudiced my arguments and factual allegations that support pretext and fishing on the part of Lt. Wood and Officer Clark. It is a question as to whether the body of senators seated on the Sentencing Commission or Congress intended for rules of evidence and laws of the case to deny a defendant the fundamental protection of the 4th Amendment, whether he is a citizen on supervised release or a citizen who has never committed a crime and stands trial under the standard of reasonable doubt.

Throughout the hearing, defense counsel, the Government, and the Court proceeded without consideration of my Constitutionally protected rights, States rights as a citizen of the State of Alabama, and as a tax payer. The facts were not presented or recognized. The lawful attenuation chain was broken way before the alleged arrest or criminal conduct occurred. The fruit of a poisonous tree doctrine was active and the results of police misconduct, procedural deviancy, and criminal behavior by the supervisor, Lt. Steven Wood, and his acts of retaliation against me for speaking up for my passenger, Sylvia Banks, brought about every inference of preponderance. Therefore, unfair, unlawful, unconstitutional acts in violation of City of Lanett policies and procedures were committed by Lt. Steven Wood against me and my passenger on November 17, 2005.

## ISSUES OF THE CASE

1) <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u> - Pretrial (A) through (F) Failures to request handwriting expert, bring forth witness testimony (Sylvia Banks), pursue expert reconstruction of video/audio tape, object to continuance, move to suppress, move for discovery

2) <u>ACCESS TO NEW EVIDENCE</u> - Rogue officer assertion: that termination of Lt. Steven Wood established proof that he was not credible and possessed a character capable of retaliation, racial profiling, and evidence planting in violation of policy and procedural methods regarding his arrest patrol.

3) <u>ACCESS TO NEW LAW</u> - U.S. -v- Campbell No. 06-12578 (11th Cir 2007). Failure to elicit fully articulated objections. Failure to consider the sentencing guideline ranges and articulate any consideration for the variation from 37-46 months, giving no consideration for the <u>conduct of defendant</u> during the instant offense regarding the firearm; amount of controlled substance; or defendant's location or access to the firearm; and never allowing counsel to object.

4) <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u> - Failure to call witness who would have impeached the credibility of the Government's only witness, and established alibi defense for defendant's possession of controlled substances, firearm, and obstruction of governmental operations charge violations.

# A D D E N D A

## ADDENDUM # 1
### From Page 5, Question 12(a)
### INEFFECTIVE ASSISTANCE OF COUNSEL

My counsel's performance was deficient in the following respects:

a- In his failure to request a handwriting expert who would have confirmed that I never signed any ticket at the time of my arrest as alleged by the arresting officer, Lt. Wood.

b- In his failure to bring forth the testimony of witnesses on the scene at the time of my arrest who would have corroborated my account of events. Specifically, he should have brought forth the testimony of Sylvia Banks, who would have testified that there was no bag on the driver's seat of the car and that I never advanced on Lt. Wood while he was speaking to her, which formed the pretext for the Obstruction of Government Operation Charge; and also the testimony of Andreena Lynch, who would have testified to several discrepancies in Lt. Wood's account of the incident that would have impacted his credibility.

c- In his failure to pursue the reconstruction of the videotape that was allegedly destroyed by the Government's witness, which would have confirmed my account of the events at the time of the arrest.

d- In his failure to object to the continuance of the case on February 15, 2006, when the government's witness failed to appear in court.

e- In his failure to move to suppress evidence on the basis of improper search and seizure.

e- In his failure to move for discovery regarding the substance allegedly found in my vehicle and verification that the weapon allegedly found was in fact an actual firearm.

These failures resulted in an ineffectual defense which prejudiced the results of the proceeding and permitted a miscarriage of justice which I now ask this

honorable court to acknowledge and rectify.


## ADDENDUM # 2
### From Page 6, Question 12(a)

#### GROUND TWO: ACCESS TO NEW EVIDENCE

Subsequent to my conviction, the arresting officer, Lt. Steven Wood, was investigated and terminated from the police force for abuse of his authority for personal retaliatory purposes. This suggests a pattern of abuse which supports my assertion that my arrest and the evidence presented against me were the product of the worst sort of governmental abuse of a citizen's Constitutional Rights.

It was and remains my strong assertion that conviction was obtained in violation of my rights through improper search and seizure of evidence which was unlawfully planted in my vehicle by Lt. Wood, evidence which was never linked to me through any forensic investigation. The alleged parking violation which provided the pretext for the improper search did not result in a citation.


## ADDENDUM # 3
### From Page 8, Question 12(a)

#### GROUND THREE: ACCESS TO NEW LAW

In United States -v- Campbell, No. 06-12578 (11th Circuit Court of Appeals), in a decision handed down on January 3, 2007, the court vacated and remanded as follows:

(1) In supervised release revocation proceedings, District Court should elicit fully articulated objections to court's findings of fact, conclusions of law, and manner in which sentence was imposed.

(2) The Court failed to elicit fully articulated objections.

(3) The Court failed to consider sentencing guidelines and Defendant's advisory sentencing range.

Supporting Facts-

Under USSG § 1B1.1 et seq., 18 U.S.C.A. (1), (2), (3) sentencing and punish-

**ADDENDA**

ment key (2026) and criminal law key (1042) mirror my cause in several areas.

The District Court did not elicit fully articulated objections to the Court's finding of fact, conclusions of law, and manner in which sentence was imposed.

After imposing sentence, the Court failed to elicit fully articulated objections by merely asking me, "Do you have anything else to say before I sentence you?" There was no indication that the defense counsel understood that the Court was eliciting objections. The defense counsel was mute at this sentencing stage of the proceedings and offered no objections on my behalf, as the hearing transcripts reflect on page 119 L-11 through Page 122. Mr. Bethel offered no objections on my behalf. I did not waive the claim that the District Court failed to consider sentencing guidelines and my advisory sentencing range by failing to raise arguments in supervised release revocation proceedings where the District Court had failed to elicit objections after imposing sentence. In light of all the elements of U.S. -v- Campbell that mirror my case, I assert that the instant offense warrants review under U.S. -v- Booker 543 U.S. 220, 262.125 SCT. 738.766 160 Led 2d 621(2005) as to the imposition of an unreasonable sentence deriving from the Court's simply adopting the recommendation of probation absent consideration of my conduct while serving over forty-six (46) months with clear conduct on supervised release and an additional four months and several days while awaiting hearing. I remained gainfully employed and reported as instructed to U.S. Probation weekly. U.S. Probation was never questioned by defense counsel regarding my behavior during this period of time due to counsel's failure to prepare for the sentencing phase of my revocation proceedings.

In U.S. -v- Jones 899 F2d 1097 11th Cir (1990) the District Court did not allow counsel to object to the Court's ultimate findings of fact, conclusions of law, and the manner in which the sentence was pronounced. The record on my appeal was not sufficient to enable review other than to show that the Court neglected to allow Counsel to elicit objections.

I ask the Court to review the April 4 Revocation Hearing transcript with attention given to pages 117,118,119, 120, and 121, wherein the defense counsel stood mute and declined to answer any of the arguments made in favor of a harsh sentence. When I attempted to speak on my own behalf, I was interupted by the Court and prevented from speaking. As a result, no objections or even responses

to Probation's arguments were permitted by the Court although those arguments had no support in law, code, or statute. It should have been argued at that point that I did not have physical possession of the purported firearm or drugs and was not even in the vehicle from the time of the stop, frisk, search, and arrest and posed no threat to the public or the officers. These factors were very important and counsel was not prepared or sufficiently attentive to address them at the crucial moment. Even if he had been prepared, the Court did not allow even the attempt to make these pertinent arguments.

In light of these violations and failures, I am seeking remand to object to the sentencing and to the Court's simple concurrence with Probation's recommendations based on the nature of others who may have used or were found in physical possession of a firearm.

### ADDENDUM # 4
### From Page 9, Question 12(a)

### GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL

Attorney Bethel did prejudice my case by failing to call witnesses who had been subpoenaed to testify on my behalf and who were essential to the impeachment of the credibility of the Government's witness, Lt. Steven Wood.

In addition to witnesses previously mentioned, Mr. Bethel failed to call Barbara Thompson, Tony Malone, Officer Larry Clark, Officer Cox, and also Jim Ingraham, a witness previously subpoenaed but who was not notified that he needed to appear at the Revocation Hearing on April 4, 2006. Mr. Bethel's failure to phone Mr. Ingram or to ensure that the Clerk or Marshall's Office contacted him was clearly negligent and fell below a reasonable standard of representation that profoundly prejudiced the outcome of the proceeding. Had these witnesses been called to testify, the effect would have been substantial beyond measure, filling in blanks caused by the destruction of evidence by the Government's witness.

The officers' testimonies would have established that a) I could not have walked toward Lt. Wood as he alleged even once, since they would not have stood idly by and allowed such behavior; b) had the arrest for obstruction not occurred I would not have been arrested at all and there would have been no pretext for the unlawful search, the impound of my vehicle, and the

"discovery" of evidence which I continue to maintain I never possessed.
Had attorney Jim Ingram been allowed to testify, he would have stated that
Lt. Wood, under cross examination at the State preliminary hearing, admitted that he did not write a ticket at the time of the arrest, thereby establishing a lack of credibility that would have impeached the whole of his testimony.
The other witnesses would have attested to these and other events which
would have supported the defense position that my probation should not be
violated on the testimony of Lt. Wood.

The evidence that was presented was not adequately submitted by counsel.
Mr. Bethel attempted to deal with the purported discovery of evidence by
arguing that the passenger could have had it rather than representing the
facts of the matter, that no such evidence was present on the driver's
seat or anywhere else in my vehicle either before or after the passenger,
Sylvia Banks, or I exited it. The failure of Lt. Wood and Officer Clark
to obtain fingerprint evidence after the illegal search raises reasonable
suspicion of evidence planting. Evidence with regard to the inventory report,
when it was prepared and by whom, was also withheld from the Court along
with pertinent eyewitness testimony as to the supposed ticket which Lt.
Wood claimed to have written, all due to the inadequate defense strategy
of Mr. Bethel, leaving me to be viewed only in the light most favorable
to the prosecution.

Officer Clark was responsible for detaining, searching, and maintaining
control over me from the moment the officers exited their vehicle until my
arrest. Officer Clark was on the witness roll of the Assistant U.S. Attorney
as one of the arresting officers. Defense Counsel committed serious error in
failing to call Officer Clark to establish the clear line of conflicting
testimony on the part of Lt. Wood. His testimony would have brought out a
discrepancy in Lt. Wood's statements as to my supposedly walking toward him
three times simply by stating what he was doing while this was taking place.
His testimony was particularly vital to my defense in light of the destruction
of the videotape of the incident by the Government's witness which would have
supported my version of events beyond a shadow of a doubt.

This failure to call a witness did prejudice my defense. Credibility
issues were kept from the record which could have changed the outcome of
the hearing. These credibility issues seem particularly relevant in light
of Lt. Wood's termination in November of 2006 for strikingly similar abuse
of his authority.

Tony Malone is a Lanett City Councilman and president of the local chapter of the NAACP. In separate conversations he confirmed to me and my attorney that he was aware of numerous complaints and ongoing problems with regard to Lt. Wood's professional conduct. Mr. Bethel told me that he would subpoena Mr. Malone to testify in my behalf; however, he failed to issue the subpoena and this witness did not appear.

For the convenience of the Court, I am appending a copy of the news article which appeared in The Valley Times-News on pages 1A and 7A of the November 10, 2006 edition. The article details the termination of Lt. Wood and features prominently the comments of Mr. Malone, which eloquently express his long-standing concerns not only with this particular officer but with the City Manager and Police Chief as well. Had defense counsel followed through and subpoenaed Mr. Malone to testify on my behalf, it would have profoundly affected the outcome of my case and possibly have averted subsequent injustices which, according to the article, finally became too blatant to be ignored.

In failing to call these witnesses, to pursue the lack of forensic evidence, to press for the reconstruction of the destroyed videotape evidence, to object to the continuance when the Government's witness failed to appear, to move for suppression of evidence, and to move for discovery regarding specific items allegedly recovered from my vehicle, defense counsel's overall performance deprived me of a fair hearing and constituted clearly ineffective assistance of counsel.

TABLE OF CASES
REFERENCING GROUNDS FOR 2255 COMPLAINT AND
SUPPORTING FACTS

---

U.S. V. JONES, 111 F3d 597(8th Cir.1977)

When the type of drugs attributable to the defendant is at issue,government bears
burden of proving the type of drugs by preponderance of the evidence.


RILEY V. CITY OF MONTGOMERY,ALA.104 fF3d 1247 (11th Cir. 1997)

Planting of false evidence by police officer would violation of arrestee's rights
and could give rise to civil rights liability.


U.S. V. BOONE,  62 F3d 323 (10th Cir. 1995)

Evidence that is aquired because of prior illegal police activity generally must
be excluded as fruit of that illegality.


HAMILTON V.  LYONS, 74 F3d 99 (5th Cir. 19996)

Convictions tainted by suppression,destruction,or alteration of material evidence
violate defendants right to due process.


U.S. V. GAY, 774 F2d 368 (10th Cir. 1985)

Abuse of discretion ,deficiencies in a chain of custody go to the weight  of evidence.


U.S. DOANE, 975 F2d 8 (1st Cir 1992)

1) "Exclusionary rule" provides that illegally obtained evidence to which timely
objection was made,cannot be admitted into evidence.
2) Exclusionary rule reflects not personal constitutional right of person aggrieved
but,instead judicially created remedy designed primarily to deter improper conduct
by law enforcement officials.


EDMONDS V. COLLINS, 8 F3d 290 (5th Cir 1993)

brady doctrine requires prosecuition to produce exculpatory evidence and evidence
useful for impeachment when requested to do so by defendant.


BOYLE V. JOHNSON,F3d 1440 (8th cir.1996)

Court of appeals will reverse conviction obtained through use of tainted testimony.

## S U M M A R Y

The merits of this motion require fair jurisprudence re-
view, particularly in light of the fact of the new evidence of
the termination of police lieutenant Steven Wood, who was
questioned extensively regarding his credibility and honor as
a representative of the City of Lanett Police Department. De-
fense counsel, although very ineffective in several areas of the
pretrial hearing and post conviction relief stage of appellate
review, did raise several very pertinent points that should
now be considered for evidentiary purposes and remand or vacat-
ing of my sentence, along with the affidavit of the passenger
in the vehicle and the unsubpoenaed testimony of attorney Jim
Ingram. When coupled with the supporting facts that Lt. Wood
was a discredible witness and due to his acts of false submiss-
ion of evidence and testimony, citations, arrest warrants,
arrest reports that ultimately led to his being removed from
the the police force, I believe I have established compelling
arguments that the preponderance of the evidence standard weigh-
ed heavily in my favor and should have led to a determination
that I did not violate my supervised release by obstructing
governmental operations, possession of controlled substances,
or possession of a firearm. Lt. Wood, by deliberately destroying
the videotape, failing to fingerprint the evidence, conducting
unlawful search and seizure, forging my signature, and illegally
impounding my vehicle, has violated my rights under the United
States Constitution and caused me to be illegally charged and
violated from both State and Federal liberty and supervised
release. I request that the Court review and consider my immed-
iate release due to this new evidence and all other clear pro-
cedural errors and ineffective assistance issues. Due to the
fact that my original release date from supervised release was
December of 2006, I request that, should an evidentiary hearing
or remand be necessary, it be scheduled at the earliest possible
date.

I also request the appointment of counsel independent of
the Federal defender's office and, in the event an evidentiary
hearing is deemed necessary, that appointed counsel be given

authority to subpoena City Councilmen Mike Yarborough and Tony
Malone; ex-City Councilman Callie Davis; attorney Jim Ingram;
Officers Clark and Cox; Lt. Richard Carter of the Lanett Police
Department; Fred of Fred's Towing; Charles Story, Circuit Clerk
of Chambers County; a handwriting expert; an expert in video/
audio tape reconstruction; and witnesses Sylvia Banks, Andreena
Lynch, Barbara Thompson, and Ernest Lyman.

DEFENDANT*S REQUEST-
## WHAT RESULT AM I SEEKING?

I hereby request that the Court grant the following:

A)  That the Court vacate and order my immediate release;

B)  That the Court remand and vacate the violation of
    supervised release and grant time served toward
    the original completion date of December 6, 2006;
or
C)  That the Court grant an evidentiary hearing and appoint
    counsel outside of the Federal Defender's office for
    a new hearing with all requested witnesses and evidence;
or
D)  That the Court resentence me to the low end of my
    guideline range and release me from the one-year
    supervised release ordered on April 4, 2006.

MR. John Kevin L. Thompson
Yazoo Federal Correctional Inst.
P.O. Box 5000/Dorm 18L
Yazoo City, MS. 39194

Office of The Clerk
U.S. District Court
P.O Box 711
Montgomery, AL 36101-0711



## SWORN AFFIDAVIT OF SYLVIA BANKS

I Sylvia Banks was the passenger in the vehicle (red 1995 Pontiac Grand Prix) with Marvin Thompson, on all (3) occaisions when he was stopped by Lt. Woods. On 11/17/05 Marvin and I were headed to Krystals' Resturant, I had just gotten off work and was hungry, he suggested we go get something from Krystal's. As we turned onto /h Court we saw Ernest Lineman standing by the side of the road, near some mailboxes. He nodded and then motioned for Marvin to stop. Marvin asked him, what he wanted. Marvin pulled over by the side of the road and got out to speak with Ernest. I was sitting there waiting until he finished, when I noticed car lights coming from the front towards us at a high speed, then the blue lights went on and two police officers got out of the car with their guns drawn pointed at us. One officer went to the back of the car from my side, the other went to the drivers side, where Marvin was standing. I heard one of the officers say "don't move, put your hands where I can see them!" Marvin and Ernest did as they were asked. Then Marvin said why y'all got yout guns drawn, we haven't done anything wrong? Then Lt. Woods said, yes you have, you're parked on the wrong side of the road, facing the wrong direction. Marvin asked, isn't that a ticketing offense, why dont you write me a ticket, and let me go or give me a warning then I will leave.... I was turned looking in the direction where Marvin was, when the officer searched him, that was on the drivers side. Then there was a scuffling sound at the back of the car, Ernest and the other officer was scuffling. the other officer that had Marvin at gun point, went to help the other officer but he quickly came back and by then another police car had pulled up, the officer had gotten out and went to the back of the car (red Grand Prix) in a few minutes they had Ernest handcuffed and the other officer was taking him past the side of the car where I was, over to the police car and was putting him in. I heard the other officer who was with Marvin tell him come and stand in front of the car, the police car which was facing us. He did as the officer told him, thats when the officer Lt. Woods came over to me and bent down, he then asked me to roll down the window, I did, and then he asked me to get out of the car. I looked over at Marvin, he said baby you dont have to get out of the car if you dont want to. Marvin was at this point standing beside officer Clark, in front of the police car, Marvin never moved from where he was told to stand. Lt. Woods asked Marvin, what, you think you're a lawyer, or

something? Marvin said no, sir I just know my rights. Lt. Woods told
Marvin to shut up. Lt. Woods asked me again to step out of the car, or
I'll place you under arrest. I looked at Marvin he said "baby you dont
have to get out of the car you haven't done anything wrong," thats when
Lt. Woods said, now you're under arrest for obstruction of government
operations. Marvin never moved from where he was, Lt. Woods told officer
Clark to handcuff Marvin. Prior to getting out of Marvins' car there
was nothing on the drivers seat, officer Clark handcuffed Marvin and
before he put him in the police car the other police car behind the
one in front of us, Marvin asked, could my fiancee drive my car home?
Lt. Woods said, we'll see, Lt. Woods then said *Would you Please
Step out of the Car* and I did. Then he told me he was going to pat
me down for weapons, he also searched my purse that had been on the
floor of the car. Afterwards he closed the car door and I stood outside
the car still on the passenger side. It was very cold, Lt. Woods and
officer Clark and officer Cox, whose names I've learned since then,
were walking around the drivers side of the car shining the flashlights
inside the car, then went to the back of the car, Lt. Woods then asked
me if I wanted to sit in the police car which was directly in front of
Marvins car, where Ernest Lineman was in the back seat. I sat in the
police car for about (10) minutes. Lt. Woods came to the car, I asked
him, if I could leave and go get my car? He then asked me where my car
was? I told him it was at Marvins' house. He asked me if I needed a
lift over to where the vehicle was. I answered no thanks, my daughter
lives right on that street and I could walk there. I got out of the
police car, I asked Lt. Woods if I could drive Marvins' car home, he
said no. I walked over to my daughter's house, when she came to the
door, I was crying and telling her they had arrested Marvin. She walked
out the door and went over to the end of the street where she could see
what was going on. I called Marvins' sister Barbara when *Marvin Was
arrested* so about 10 minutes later my daughter Andreena came in the house
and said that Lt. Woods wanted me to come get my purse, out of the car
before it was towed. I walked back to the car, where Lt. Woods let me
get my purse and I stood on the side of the street with my daughter.
in another minute or so Marvins' sister Barbara pulled up and parked and
got out and came to stand where my daughter Andreena and I were, near

the stop sign. I told Barbara what was going on, she asked to speak
to Lt. Woods, the wrecker truck had arrived and they were getting
ready to tow Marvins' car, Shortly thereafter they had the car, put
on the tow-truck and *the wrecker* gave me information about where the
car would be. Marvins attorney Brent Dean said he was going to have
me testify at the preliminary hearing, but he didn't. After reading
the transcript, I read how Lt. Woods lied and claimed that I had said
Marvin and I were just riding around, this is not true, I never said
this. Marvin and I were headed to get something to eat when Lineman
stoped us, Marvin didn't have no bag with him, when he got into the
car, nor did he leave a bag on his seat when he got out of the car to
speak with Lineman. When I went back to Marvins' car to get my purse
everything was like I had left the car. I watched them put the car on
the two-truck. The next *Day* when I and Barbara, Marvins sister
went to get the car, the cars interior was in shambles everything was
strewn around like someone had rambled, through it, after Marvin got
home he checked the belongings everything was still inside. All of
the valuables, nothing was missing.

[END OF STATEMENT]

DONE this _____ *17th* _____ Day of *March* _____

in the Year of Our Lord 2007.

Signed _____

[SEAL]

[STAMP]                          signed in my presence this __ *17* Day of *March*
                                 in the Year of Our Lord 2007.
                     _____
                     WITNESS

ADD-ADDENDUM

AFFIDAVIT STATEMENT OF

SYLVIA-BANKS

When I was still in the car, at the scene on Nov. 17th 2005, and Marvin was placed under arrest for only telling me "I didn't have to get out of the car, if I didnt want to, that I hadn't done anything wrong," and Lt. Woods said,"now your under arrest for obstructing Government operations, Marvin asked Lt. Woods , can she drive my car home, then since I am under arrest? and Lt. Woods  said NO! and then turned back to me and said, would you **step out of the car**, so out of fear, I did. When I got out of the car and he said I'm going to pat you down for weapons I said YES Sir and he did pat me down and then he searched my work bag (purse), that was on the floor between my legs where I had been sitting, he told me stay there. After that I stood by the passengers door for about 10 to 18 minutes min. and started to get cold, waiting to the Drivers Lt. Woods was side shinging lights and the other officers were walking shinning Lights then Lt. Woods asked me if I wanted to sit in the police car (where Lyman) was and get warm, Marvin was in the police car behind the one I sat in; while sitting there, Lt. Woods came to the door passenger side I had open the Door, Lt. Woods  asked me if I had a drivers license I thought he was going to let me drive Marvins car back to his house but he didn't, the only reason I asked to leave when Lt. Woods came back to the police car where I had been sitting well over 10 Min. was because Lyman was telling me from the back seat if you aint under arrest, you need to leave before they decide to arrest you, so out of fear I asked Lt. Woods could I leave and I told him that my daughter's house was just right over there about a block away, I never said I wanted to go home, and I was waiting to see if they were going to give me Marvins car, so before I left I asked Lt. Woods could I drive Marvins car home, "he said no!"

[end of statement]

Notary
[SEAL]

Affidavits name: _Sylvia Banks_
Date: _4-30-07_

[STAMP]
_Sylvia Banks_
Notary Public name and Expires: _3/7/10_

I hereby swear that this statement is true and that the person herein is indeed a flesh and blood person.

## PROOF OF PERSONS

Known all those by these present:

That I _____, of _____, State of _Alabama_

_B_ , do hereby constitute and swear that the persons _Sylvia_

_Banks_ is a lawful person and that they are the

signed party in regards to the signed affidavit before me. This does

not hold me liable in any sense nor does it affect the said Notary

in a binding contract, other than is typical within the said

parameters of proving the person before them as being the person

sworn and stated within the affidavit

In witness whereof, I Notary Public do forswear that this perons

is indeed proven to be so THIS _____19_____ DAY OF _March_

IN THE YEAR OF OUR LORD 2007.

_____
signature of person

STATE OF _Alabama_

COUNTY OF _Chambers_ SS:

BEFORE me, the undersigned, a notary public within and for the said

county and state, personally appeared _Sylvia Banks_

(name of signer), and acknowledges the execution of the foregoing

proof of persons.

Witness my hand and notarial seal this _____19th_____ DAY OF _March_

in the Year of Our Lord 2007.

[seal]

_____
Notary Public

[stamp]                    My commission expires ____3/7/10____

MS. ANDREENA LYNCH

## SWORN AFFIDAVIT

Case No.06-339

I *Ms. Andreena Lynch* Andreena Lynch was at my house on *2411* *16th* St. in the west Shawmut Community - approx. 1 block from where Marvin Thompson was questioned on Nov. 17th, 2005. At approx., 11:30 PM I heard a knock on the door, it was my mother, Sylvia Lynch; she was crying, and said that the police have just arrested Marvin, I said where, she said at the mailboxes outside on the corner. I went out-side to see what was going on. I saw the blue lights flashing from the police cars, I stood there watching on the corner where the police officers had Marvin's car stopped, while standing there at the stop sign, I watched Lt. Woods go to the trunk of a police car and into the trunk of the car he then came out with a bag and came back to Marvin's car, he got a piece of metal out of the bag, and stuck it in Marvin's back window down the edge and rolled down the window and reached inside he (Lt. Woods) opened the door then reached over to the drivers side door and unlocked it and went inside, he then reached down towards the floor of the car, his back was to me, but I could see him feeling around in the floor area and thats when he came out with what looked like a bag, he then *told me if my mom wanted her bag to* *go get her if she wanted it* and thats when he told me to go tell my mom to come and get her purse. I *told my Mom* and she & I came back out, Lt. Woods was standing on the passenger side of the vehicle then *asked for was it hers* and mom reached in and got her purse out.

The whole time. I was there Lt. Woods never pulled out a ticket-book and he or neither of the other (2) officer's inventoried Marvins' car Lt. Woods was the one who opened the car, went inside and then

(PAGE 1 of 2)

## SWORN AFFIDAVIT PAGE 2

seemed to find the bag and then *told the other officers* I was still

standing on the corner by the stop sign. When Marvins' Sister Barbara

came *to see what was going on* and me her and momma were all there

together we all had drivers licences and could of drove Marvins car

home, but wasn't allowed to, I stayed there until the wrecker and

Policemen had left the scene.

[end of statement]

I, do attest and swear that the foregoing statement was signed before

me this: _5/1/07_                    _5:05_
          DATE                        TIME

Signed:_____

Date:_____

*Andreena Lynch*
ANDREENA LYNCH

[STAMP]                              _04/30/07_
                                    Date:

[s e a l]

                                    N O T A R Y   MY COMMISSION EXPIRES: _3/7/10_

My jurisdistion is in _Al._ State, _Chn_ County.

**(PAGE 2 of 2)**

STATE OF ALABAMA       <u>SWORN AFFIDAVIT</u>       RE:CC-06-339

-V-       <u>OF</u>

MARVIN.C.THOMPSON       <u>BARBARA.R.THOMPSON</u>

I BARBARA THOMPSON WAS CONTACTED BY MY BROTHER MARVIN THOMPSONS FIANCE
SYLVIA BANKS ON (NOVEMBER 17th,2007) SHE INFORMED ME THAT MARVIN HAD JUST
BEEN ARRESTED UP BY THE OLD RAMSEY MOTEL ,SHE ASKED ME IF I COULD COME
WHERE THEY WERE.WHEN I ARRIVED THE POLICE HAD MARVIN IN THE POLICE CAR.
I WALKED UP TO OFFICER WOOD AND AFTER ASKING WHAT HAD MAVIN BEEN ARRESTED
FOR,I ASKED HIM COULD I SPEAK WITH MARVIN,HE WAS HANDCUFFED IN THE BACK
OF THE POLICE CAR I THINK I ASKED IF I COULD TALK TO HIM FOR A MINUTE,
BECAUSE WE BOTH WERE PROVIDING CARE FOR OUR INVALID MOTHER,AND I NEEDED
TO ASK HIM SOME THINGS.
AS I STARTED TO APPROACH THE CAR HE(LT.WOOD)SAID STEP BACK FROM THE CAR,
I SAID I CAN'T TALK TO HIM RIGHT QUICK I SAID THE OTHER OFFICER CAN COME
WITH ME.HE SAID NO YOU CAN COME DOWN TO THE JAIL WHEN THEY GET HIM BOOKED
IN IN ABOUT AN HOUR OR SO.THEN HE SAID YOU ALL CAN PICK UP THE CAR
TOMORROW YOU CAN SEE THIS GENTLEMAN ABOUT IT AND POINTED TO THE MAN FROM
THE TOWING SERVICE(FREDS TOWING)THEN SYLVIA AND I ASKED HIM WHERE HE WAS
LOCATED AND HE TOLD US WE STAYED UNTIL THE TOW TRUCK DRIVER LOADED MARVINS
CAR ON TO THE TOW TRUCK THEN HE LEFT.LT WOOD WOULD NOT ALLOW MYSELF OR
SYLVIA TO TAKE MARVINS CAR HOME.

SIGNED *Barbara R Thompson*

DATE  4 - 26 -07

<u>I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENT IS TRUE.</u>

<u>NOTARY SWORN SUBSRIBED TO BEFORE ME THIS</u>  26  DAY

OF  April  ,2007

NAME OF AFFIANT( *Barbara R Thoma* )(NOTARY NAME

MY COMMISSION EXPIRES  3/7/10

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA          :
     Plaintiff-Appellee            :
                                    :
v.                                :          No. 06-12309
                                      :
MARVIN C. THOMPSON                :
     Defendant-Appellant           :
                                      :

---

## DEFENDANT-APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE HIS MOTION FOR REHEARING, AND REHEARING EN BANC

COMES NOW Defendant-Appellant, appearing through PRO SE representation, and moves this Honorable Court for an Extension of time to file his motions for Rehearing, and Rehearing En Banc due to extenuating circumstances and states the following in support of said motion:

1.    Defendant-Appellant ("Appellant") is currently incarcerated in the Federal Bureau of Prisons Facility, FCI OAKDALE located in Oakdale, Louisiana.

2.    Appellant has no legal training, nor schooling in the ways of the law, and is unfamiliar with the formation of motions and briefs necessary to be filed while seeking relief under a petition for Rehearing, and Rehearing En Banc.

3.    On February 2, 2007 Appellant was informed by counsel of record that "they only did direct appeals and would go no further," thus leaving the Appellant without schooled legal counsel in violation of his Sixth Amendment right to be furnished legal representation, even through the appellant

process.

4.  Counsel of record has failed in their duty to preform and
    to seek resolution under the Due Process of law clause to
    the United States Constitution, and as such the Appellant
    is now burdened with proceeding in a pro se manner to seek
    such equitable relief as deemed appropriate by this court.

5.  Appellant is in the process of dilligently receiving all
    materials necessary to form and brief this Court for his
    Rehearing, and Rehearing En Banc so seek said equitable
    relief, and as such needs additional time so as to resear-
    ch, form, and write said briefs for this Court, as well
    as to seek records from former counsel of record so as to
    better argue for his Rehearing, Rehearing En Banc.

6.  Appellant states that the granting of additional time would
    not be unduly burdensome on this Court nor on the government
    as it is now the Appellant's duty to brief the court why
    a Rehearing and Rehearing En Banc is necessary to seek said
    relief sought.

7.  Appellant currently has a related civil matter that he is
    undernecessity forced to represent himself in and must form
    and submit the necessary Writ of Certiori to the United
    States Supreme Court within the alloted time period for
    said filing.

WHEREFORE Defendant-Appellant prays this Honorable Court would
grant his motion for an extension of time to file his briefs
in support of Rehearing and Rehearing En Banc due to extenuating
circumstances, and allow the Appellant the additional time as
he is unschooled in the law.

Dated this 7th day of February 2007.

                              Respectfully Submitted,


                              Marvin C. Thompson, pro se
                              Register No.84302-020
                              Federal Correctional Institute
                              FCI OAKDALE
                              Po Box 5000
                              Oakdale, Louisiana 71463


### CERTIFICATE OF SERVICE

  I, Marvin C. Thompson, do hereby certify that on this 7th day
of February 2007, I mailed a true and correct copy of the fore-
going Defendant-Appellant's Motion for extension of time to file
by way of first class, postage pre-paid, U.S. Mail to the follo-
wing:


**Clerk of the Court**
United States Court of Appeals
56 Forsyth Street, N.W.
Atlanta, Georgia 30303


                              _Marvin C. Thompson_
                              Marvin C. Thompson

                              2/6/07

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

April 20, 2007

Marvin Thompson
84302-020
Oakdale F.C.I.
P.O. Box 5000
Oakdale, LA 71463

    RE: Marvin Thompson
        Extension of Time

Dear Mr. Thompson:

    The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case was postmarked April 13, 2007 and received April 19, 2007.  The application is returned for the following reason(s):

    The lower court opinion must be appended from the Court of Appeals. Rule 13.5.

    It is impossible to determine the timeliness of your application for an extension of time without the lower court opinions.

    The order denying rehearing must be appended (if any). Rule 13.5.

    The application does not set forth with specificity the reasons why the granting of an extension of time is thought justified.  Rule 13.5.

    No proof or declaration of service, specifying the names and addresses, of those served, was received.  Rule 29.5.

    You must serve the Solicitor General and provide this office with proof of service.  Rule 29.4(a).

    A copy of the corrected application must be served on opposing counsel.

                         Sincerely,
                         William K. Suter, Clerk
                         By:

                         Erik Fossum
                         (202) 479-3392

Enclosures

IN THE UNITED STATES OF AMERICA

SUPREME COURT

UNITED STATES OF AMERICA     (   REQU PRO'SER     )    NO.06-12309-J

-V-     (REQUEST FOR EXTENSION)

MARVIN.C.THOMPSON     (TO FILE-CERT-WRIT    )


ON WRIT OF CERTIOARI FROM APPEAL.


COMES NOW THE PETITIONER-APPELLANT-DEFENDANT,

RESPECTFULLY BEFORE THIS MOST HONORABLE AND ESTEEMED HIGH COURT,DESIRING

TO BE ALLOWED THE TO PURSUE HIS DUE PROCESS RIGHTS TO PETITION THE COURT

FOR WRIT OF CERTIOARI,PETITIONER NOT BEING REPRESENTED BY COUNSEL AND

HAVING BEEN ABANDONED BY HIS COURT APPOINTED COUNSEL,HAS NOW WITHOUT

PRIOR KNOWLEDGE REACHED THE DEADLINE DATE TO SUBMIT HIS WRIT.

PETITIONER DILIGENTLY PURSUED HIS COURT APPOINTED COUNSEL FOR REPRESENT-

+TATION AND HIS REQUIRED DUTY TO REPRESENT PETIONER AT EVERY STAGE OF

HIS APPELLATE PROCEEDINS,BUT TO NO AVAIL.

AS PETITIONERS LAST RESORT HE HAS SUBMITTED THIS REQUEST TO THIS MOST

DISTINGUISHED AND HIGH COURT SEEKING HIS CONSTITUTIONAL REMEDY TO THE

VIOLATIONS OF HIS 1st-4th-6th-&14th AMENDMENT RIGHTS.PETITIONERS COURT

APPOINTED COUNSEL HAS FAILED IN HIS DUTIES TO THIS PETITIONER ON APPEAL

AND DURING THE PETITIONERS SUPERVISED RELEASE HEARINGS,THOSE FAILINGS

DID CAUSE THE PETITIONER TO FORFEIT HIS FREEDOM AND (4 YEARS) OF

CLEAR AND FLAWLESS CONDUCT WHILE ON SUPERVISED RELEASE.PETITIONER DOES

MAKE THIS REQUEST WITHIN THE DESIGNATED DEADLINE TIME FRAME AND ONLY

REQUESTS A (20) DAY EXTENSION TO AT LEAST ATTEMPT TO COMPLY WITH THIS

COURTS REQUIREMENTS.     RESPECTFULLY,SUBMITTED.

Marvin C Thompson DATE April 12, 2007

that the Court announced. . . . [O]ccupants almost invariably are removed before an automobile is searched; and once they have been removed, there is no longer much chance that they can secure weapons from the automobile or destroy evidence there.

> "To us, a warrantless search of an automobile based not on probable cause but solely on the arrest of a person unable to endanger the police or destroy evidence cannot be justified under any exception to the warrant requirement and is unreasonable."
>
> JUSTICE VIRGINIA A. LONG

Drawing its bright line accordingly, the state high court relied on Article I, Paragraph 7 of the New Jersey Constitution to establish the following rule:

> Once the occupant of a vehicle has been arrested, removed and secured elsewhere, the considerations informing the search incident to arrest exception are absent and the exception is inapplicable. . . . Obviously, where a defendant has been arrested but has not been removed and secured, the court will be required to determine, on a case-by-case basis whether he or she was in a position to compromise police safety or to carry out the destruction of evidence, thus justifying resort to the search incident to arrest exception.

Because the facts in Eckel's case supported possible justifications for the warrantless vehicle search other than the search-incident exception, the court remanded the case for further proceedings.

**No Reliance on Automobile Exception.** In Dunlap's case, the court made clear that, once police have handcuffed and secured the occupants of a vehicle following an arrest, they cannot rely on the automobile exception to the warrant requirement to justify a search like the one they can no longer make under *Belton.*

In a per curiam opinion, the court reaffirmed its decision in *State v. Cooke,* 751 A.2d 92 (N.J. 2000), to depart from the U.S. Supreme Court's interpretation of the automobile exception. Accordingly, it held that the state constitution requires a finding of exigent circumstances to justify a warrantless search of an automobile, even in the aftermath of an arrest.

Turning to the facts in Dunlap's case, the court agreed with the prosecution that the police had probable cause to believe that there was evidence in the defendant's car after they arrested him on suspicion of drug dealing and illegal gun possession. However, the court said that the prosecution failed to establish any exigency justifying the officers' failure to get a warrant to search the defendant's car after they had secured both him and the vehicle. The court pointed out that there were 10 officers on the scene and that they could reasonably have left one officer to guard the vehicle while others processed Dunlap and sought a search warrant for his car.

Deputy Attorney General Maura K. Tully, Trenton, N.J., argued for the state. Gilbert G. Miller, of Wronko,

Artice #2

# Dist court
3:06-CV-0060WKW-DRB
App Court
06-13767-A

En Dickinson



# Council votes to terminate Lanett officer

11-10-06

By PATRICK SANDS
VT-N Staff Writer

LANETT — Following a lengthy closed hearing involving the job status of Lt. Steven Wood, the Lanett City Council voted 3-2 to to uphold the recommendation of the city manager that he be terminated.

Councilmen Tony Mai one and Kyle McCoy both voted against terminating Wood while Mayor Oscar Crawley and Councilmen Jamie Heard and John Duskin voted to uphold the termination.

Usually in matters such as this, there would have been six votes with the five councilmen and mayor all voting. In this instance, there was five votes as Councilman Mike Yarbrough abstained because he had filed the complaint against Wood following his Sept. 30 arrest for posting advertising material on a utility pole — he allegedly had Alabama and Auburn signs posted on the utility pole in this front yard.

On Friday morning Yarbrough told The VT-N that he did not put the signs

up to start with, and no one had ever asked him if he ever did or did not.

"You can't get anyone to enforce these code ordinances on Monday through Friday from 8 a.m. until 5 p.m., but then you get someone coming to your house at 9:30 p.m. on a Saturday," Yarbough said. "You can ride around the city now and see fresh signs that have been put up or old cars sitting out that we can't get moved because no one will enforce the ordinances.

"This has been a very embarrassing situation for me, my family and the city," Yarbrough said. "It was never about the signs, it was about anything but retaliation. It was never about the signs, it was about me being a council member and being critical about some things that have been going on for years."

Yarbrough represents District 5 on the city council and is the current chairman of

•See OFFICER, page 7A


GOOD

Mailed 11-29-

**Continued from page 1**

the council's Police Committee.

He noted that he filed his complaint just as any other citizen would do.

"This is about being critical and holding officers responsible and accountable for their actions," Yarbrough said. "I don't wish bad on anyone but sometimes people bring things on themselves."

Yarbrough said that it is important that the community become involved when they see something that is wrong.

"The city belongs to the community and the community should be much more outgoing and outspoken for what is going on and hold people accountable," he said. "When people are treated wrong, they need to file a complaint and stand up for themselves."

Yarbrough also had a message for McCoy and Malone, the two dissenters on the issue.

"I hope that Tony Malone and Kyle McCoy have a bright future for being the men that they are."

Following Thursday night's meeting, it was reported by witnesses outside the council chambers that Yarbrough voiced his displeasure with both McCoy and Malone for voting against the termination.

In a release to The VT-N, Malone defended his vote against terminating Wood.

"I in no way support the way my fellow council member's situation came about, but I think it is important to tell the citizens, especially the black citizens, the reason I voted against the recommendation of the police chief and city manager to terminate Lt. Wood," Malone said. "I think the situation should have been handled differently, not because it is involving a public official, but for the fact that other means should have been rendered. The decision the officer made was not a good decision, but I must look at what policy did the officer violate. Keep in mind, the officer's action weren't good but it is done to blacks and poor whites everyday."

Malone said that if this had been a black person arrested, nothing would be said about the arrest.

"As a matter of fact, if you arrest a black person you

might get a pat on the back and a handshake," he said. "The reason I know is because for many years, and even within the last two years, blacks have been voicing their concern, but the chief and the city manager didn't want to hear their problems. During The Breaker Box incident, this officer was the arresting officer, but the city manager and chief of police saw no wrongdoing and refused to do anything to the officer. I believe that we should be fair in our dealings, especially when it involves people's livelihoods."

"This officer is being terminated because he arrested a white councilman. It is not about whether he violated policy, but the fact of him arresting this councilman the chief and city manager think he should have been fired because of that. As long as blacks were complaining, nothing ever did happen to this police officer. Remember over the years he increased in rank and he was Chief (Ron) Docimo's pick for the lieutenant position."

Malone said that he had to make a decision on whether or not Wood violated city personnel policy.

"Oftentimes, blacks experience situations where the employer does not adhere to its policy. Sometimes an employer might promote a white when the position should have been filled by a black," he said. "When things such as this happen, blacks raise all kinds of 'hell.' But if we are to be fair, even to those who fight us, we must think about and 'do unto others, as you want them to do unto you.'"

According to Malone, the embarrassment in this incident came from the chief of police and not the officer.

"As long as blacks were the alleged targets, this officer was a good cop," said Malone. "I have never forgotten about the many people I have talked to about their issues with this officer, but I feel that when the employee breaks a policy, some form of discipline should take place. When blacks are involved, this seems to fall upon deaf ears."

Malone said that the officer was protected and "they have even stated that if it were a black they would have never

been firing him."

"In the last two years, it's obvious. As long as blacks complain, nothing is done," Malone said. "There seems to be deaf ears at city hall. I couldn't vote to support the termination because it wouldn't have been the right thing to do at this time. No matter how stupid the arrest was, in my opinion, there were no policies broken. My conclusion came to the fact that if this would have been a black officer and they are doing him like they are doing this white officer, what would the response be? I think we would rally to the black officer's rescue when he or she feels that they are wrongfully being tar-

geted."

Malone said that he could have voted to satisfy popular demands, "but God would not have been pleased."

"Officer Wood is not the problem at the moment, it's the city manager and the police chief."

"We need a new direction in the police department as well as for city manager. Their performance has been poor," he said. "They have put the city into such a critical liability crunch in regards to the personnel matters. I am hoping the mayor will convene the council soon so we can discuss prudent matters in regards to the city manager and the police chief's performance."

03   **DETAINER ACTION LETTER**    CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | | | |
|---|---|---|---|
| Chambers County Sheriff's Department<br>Attn: Warrant Division<br>2 Lafayette Street<br>Lafayette, AL 36862 | | FCI OAKDALE<br>P.O. BOX 5050<br>OAKDALE, LA 71463-5050 | |
| | | 08-30-2006 | |
| Case # | Inmate's Name<br>Thompson, Marvin<br>Crawford | Fed Reg No.<br>84302-020 | DOB/SEX/RACE<br>11-12-1960 B/M |
| Aliases | | Other No. FBI: 947004V11<br>SSN: 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 | |

This office is in receipt of the following report: **CLERK'S OFFICE INDICATES PENDING CHARGES FOR OBSTRUCTING A GOVERNMENTAL OPERATION AND UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE.** Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer.  If you have no further interest in the subject, please forward a letter indicating so.

Sincerely,

Donnie Veillon
Legal Instruments Examiner
(318) 335-4070, EXT. 4180
FAX (318) 215-2688

BP-S394.058 **DETAINER ACTION LETTER**    CDFRM
MAR 03
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Chambers County Sheriff's Department<br>Attn: Warrant Division<br>2 Lafayette Street<br>Lafayette, AL 36862 | | FCI OAKDALE<br>P.O. BOX 5050<br>OAKDALE, LA 71463-5050 | |
|---|---|---|---|
| | | 02-28-2007 | |
| Case # | Inmate's Name<br>Thompson, Marvin<br>Crawford | Fed Reg No.<br>84302-020 | DOB/SEX/RACE<br>11-12-1960 B/M |
| Aliases | | Other No. FBI: 947004V11<br>SSN: 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 | |

*Second and Final Request*

This office is in receipt of the following report: <u>CLERK'S OFFICE INDICATES PENDING CHARGES FOR</u> <u>OBSTRUCTING A GOVERNMENTAL OPERATION AND UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE.</u> Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer.  If you have no further interest in the subject, please forward a letter indicating so.

Sincerely,

Donnie Veillon
Legal Instruments Examiner
(318) 335-4070, EXT. 4180
FAX (318) 215-2688

EASTERN DIVISION

| CRIMINAL DOCKET | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PO | 0 | 1127 | 3 | WRIT | VS | THOMPSON, MARVIN C. | Mo Day Yr. 05 14 92 | Docket No. 00162 | Def. 05 |
| Misd | | 2709 Assigned | | JUVENILE | | | | |
| Felony M | District | 2709 | Judge/Magistr. | ALIAS | | 96-D-1794-E | No. of Def's | U.S. MAG CASE NO |

**I. CHARGES**

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | DISMISSING |
|---|---|---|---|
| 21/846 | Conspiracy to distribute cocaine base [Ct. 1] | 1 | |
| 21/841(a)(1) | Distribution of cocaine base [Cts. 37 - 49] | 13 | X |

SUPERSEDING COUNTS

**II. KEY DATE**

INTERVAL ONE — KEY DATE ► EARLIEST OF: arrest / sum'ns / custody / appears-on complaint

END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL)

KEY DATE ► 5-21-92 APPLICABLE

- Indictment 5000
- X 1st appears on pending charge /R40
- Unsealed consent to Magr. trial on complaint
- Information
- Felony W/waiver

KEY DATE ► 9-1-92

a) X 1st appears on pending charge /R40
b) Receive file R20/21
c) Supsdg t___Indt___Inf
d) Order New trial
e) Remand  f) G/P Withdrawn

END INTERVAL TWO — KEY DATE ► 10-8-92 APPLICABLE

- Dismissal
- X Plead X guilty after N.G.
- Nolo / After nolo
- Trial (voir dire) began / Jury / N.J.

| 1st appears with or waives counsel 9-1-92 | ARRAIGNMENT 9-1-92 | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE 10-8-92 | SENTENCE DATE 1-19-93 | PTD Nolle Pros | FINAL CHARGES DISMISSED on S.T. grounds  W.P.  WOP | on def motion on gov't motion |

**III. MAGISTRATE**

| Search Warrant | Issued / Return | DATE | INITIAL/NO. | INITIAL APPEARANCE DATE ► | INITIAL/NO. | OUTCOME: DISMISSED HELD FOR GJ OR OTHER PRO-CEEDING IN THIS DISTRICT |
|---|---|---|---|---|---|---|
| Summons | Issued / Served | | | PRELIMINARY EXAMINATION OR REMOVAL HEARING — Date Scheduled ► / Date Held ► | | HELD FOR GJ OR OTHER PRO-CEEDING IN DISTRICT BELOW |
| Arrest Warrant Issued | | | | WAIVED / NOT WAIVED / INTERVENING INDICTMENT | Tape Number | |
| COMPLAINT ► | | | | | | |
| Date of Arrest | OFFENSE (In Complaint) | | | | | |

Show last names and suffix numbers of other defendants on same indictment/information:
JOHNSON: 01;  WARE: 02;  BARNES: 03;  MAYFIELD: 04;  HOLLOWAY: 06; OGLETREE: 07

RULE | 20 | 21 | 40 | In | Out

**IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.**

ATTORNEYS

LAURA CANARY
JAMES ELDON WILSON, U.S. ATTORNEY
Steven M. Reynolds, Asst. U.S. Attorney  Tommie Brown Hardwick

Defense:  1 X CJA.   2 Ret.   3 Waived.   4 Self.   5 Non / Other.   6 PD.   7 CD

Jean H. Eeay
111 Washington Ave.
Montgomery, Alabama 36104
(205) 832-9900
**Relieved 1/19/93**

Donnie Bethel
Federal Defenders
201 Monroe Street, Ste 407
Montgomery, AL 36104
334 834-3099
334 834-0353
(Appt'd 11/29/05)

Defendant's address:

2268 15th Ave, SW
Lanett, AL 36863

Reg. No. 84302-020
PMB-1000 FPC Maxwell A.F.B.
Federal Prison
Talladega, AL 35160-8799
Montgomery, AL 36112 (as of 1/24/96)

**BAIL • RELEASE**

PRE - INDICTMENT

| Release Date | | |
|---|---|---|
| Bail Denied | | Fugitive / Pers. Rec. |
| AMOUNT SET $ | | PSA / Conditions |
| Date Set | | 10% Dep. / Surety Bnd |
| Bail Not Made | | Collateral |
| Date Bond Made | | 3rd Prty / Other |

POST - INDICTMENT

| Release Date | | |
|---|---|---|
| X Bail Denied | | Fugitive / Pers. Rec. |
| AMOUNT SET $ | | PSA / Conditions |
| Date Set | | 10% Dep. / Surety Bnd |
| Bail Not Made | | Collateral |
| Date Bond Made | | 3rd Prty / Other |

Docket Entries Begin On Reverse Side

| FINE AND RESTITUTION PAYMENTS | | | | | | |
|---|---|---|---|---|---|---|
| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER | |
| | | | | | | |

APPEALS FEE PAYMENTS

| DATE | | Yr. | Docket No. | Def. | | | | PAGE | OF | | Start Date | Ltr. | Total |
|------|--|-----|-----------|------|--|--|--|------|-----|--|-----------|------|-------|
| | | 92 | 00162 | 05 | X | MASTER DOCKET - MULTIPLE DEFENDANT CASE | | 1 | | | End Date | Code | Days |
| DOCUMENT NO. | | | | | | PROCEEDINGS DOCKET FOR SINGLE DEFENDANT | | | | | | | |

### V. PROCEEDINGS

(OPTIONAL) Show last names of defendants

| 5-14-92 | 1 | **Indictment. [SEALED]** |
|---------|---|---------------------------|
| 5-21-92 | | Indictment unsealed. |
| 5-21-92 | 6 | Warrant for arrest issued. |
| 8-24-92 | | Rule 40 papers received from Middle/Georgia: |
| | 125 | Government's motion for detention hearing. |
| | 126 | Mag. Judge Slaughter's ORDER of temporary detention. |
| | 127 | Commitment to another district. |
| | 128 | Mag. Judge Slaughter's ORDER of detention pending trial. |
| 9-1-92 | | **ARRAIGNMENT.** Defendant appeared with Hon. Jean Seay and entered a plea of not guilty. |
| 9-4-92 | 145 | U. S. Magistrate Judge Carroll's **ORDER** setting hearing on defendant's request to proceed pro se for 9-4-92 at 9 a.m., Montgomery, Alabama. (Copies mailed to counsel; furnished to USA, USPO & USM.) |
| 9-4-92 | | **PRO SE HEARING.** Defendant will use appointed counsel. |
| 9-4-92 | 146 | CJA 20 appointing Hon. Jean Seay to represent defendant in all proceedings. |
| 9-4-92 | 150 | Magistrate Judge Carroll's **ORDER** allowing defendant 10 days from the date of this Order to file pretrial motions; directing the government to file written responses to all contested pretrial motions other than motions for discovery within 10 days of the date the motion is filed. (Copy mailed to counsel; furnished: USA, USM, USPO). |
| 9-10-92 | 151 | Defendant's **motion** for transcript of detention hearing conducted in the Middle District of Georgia. Referred to Magistrate Judge Carroll. **GRANTED 9/18/92** |
| 9-14-92 | 156 | TRIAL NOTICE MAILED. (10-19-92 @ 10 a.m., Opelika, AL); JUROR PROFILES NOTICE MAILED, along with Clothing Notice - CM/RRR. |
| 9-14-92 | 157 | Defendant's **motion** in limine. Referred to Judge DeMent. |
| 9-14-92 | 158 | Defendant's **notice** pursuant to Federal Rules Criminal Procedure 12.2 of potential expert testimony concerning defendant's mental state. Referred to Magistrate Judge Carroll. |
| 9-14-92 | 159 | Defendant's **motion** for psychological examination to support defense of voluntary drug influence. Referred to Magistrate Judge Carroll. **GRANTED 9/17/92** |
| 9-14-92 | 160 | Defendant's **request** for notice from government of its intent to use evidence. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** |
| 9-14-92 | 161 | Defendant's **motion** for disclosure of all evidence material to defendant's guilt or punishment. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** |

CONTINUED TO PAGE

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET    *U. S. vs*

EASTERN DIVISION

THOMPSON, MARVIN C.

92-00162- 05

| | Yr. | Docket No. | Def. |

AO 256A ⊕

| DATE | | PROCEEDINGS (continued)    **Page 2** | V. EXCLUDABLE DELAY | | | |
|------|--|------|------|------|------|------|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 9-14-92 | 162 | Defendant's **motion** for disclosure of government's confidential informants or for in-camera inspection to determine whether identity of confidential inform-ants must be disclosed. Referred to Magistrate Judge Carroll. | | | | |
| 9-14-92 | 163 | Defendant's **motion** for discovery of 801(d)(2) state-ments to be admitted at trial. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 164 | Defendant's **motion** for discovery and inspection. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 165 | Defendant's **motion** for disclosure of all guideline sentencing information. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 166 | Defendant's **motion** for early disclosure of all "Jencks Act" material. Referred to Magistrate Judge Carroll **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 167 | Defendant's **motion** for disclosure of inducements to testify. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 168 | Defendant's **motion** for government to notify defense of its intention to use "other crimes" evidence. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 169 | Defendant's **motion** for government to preserve **Brady** material. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 170 | Defendant's **motion** for discovery of any electronic surveillances and interceptions of communications. Referred to Magistrate Judge Carroll. **M/GRANTED IN PART; DENIED IN PART 9/17/92.** | | | | |
| 9-14-92 | 171 | Defendant's **motion** to extend time for filing motions. Referred to Magistrate Judge Carroll. **DENIED 9/18/92** | | | | |
| 9-16-92 | 174 | Marshal's return on warrant for arrest executed 8/18/92. | | | | |
| 9-17-92 | 175 | Magistrate Judge Carroll's **ORDER** that the government review and evaluate all evidence in its possession relating to this matter and respond to defendant's request for discovery (Doc.#160,161,163,164,165,166,167,168,169,170 &171 ) within 10 days of the date of this order; that the response shall be made directly to counsel represent-ing defendant in this cause and is not required to be filed with the court; that the motions referenced in this order be and are hereby GRANTED as to Rule 16 of F.R.C.P. and discovery of exculpatory material which the Constitution required be disclosed; that except as provided herein the motions be and are otherwise DENIED without prejudice to the filing of a motion to compel. (Copy mailed to counsel; furnished: USA, USPO). | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr Code | Total Days |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued)  Page 3 (Document No.) | V. EXCLUDABLE DELAY | | | |
|------|------------------------------------------------|---------------------|---|---|---|
|      |                                                | (a) | (b) | (c) | (d) |
| 9-17-92 | 176  Magistrate Judge Carroll's **ORDER** setting defendant's motion for disclosure of government's confidential informants or for in camera inspection to determine whether identify of confidential informants must be disclosed for a **hearing on September 22, 1992, @ 9:00 a.m.**, in the Third Floor Courtroom, of The Frank M. Johnson, Jr.. Federal Building and U. S. Courthouse, Montgomery, AL. (Copy mailed to counsel; furnished: USA, USM, USPO). | | | | |
| 9-17-92 | 177  Magistrate Judge Carroll's **ORDER** granting defendant's motion for psychological examination to support defense of voluntary drug influence; that defendant's counsel is authorized to employ a licensed psychologist to assist him in the presentation of the defense subject to the fee limitations contained in 18 USC § 3006(a)(e); counsel shall provide the court with the name of the psychologist so employed on or before September 24, 1992. (Copy mailed to counsel; furnished: USA, USPO). | | | | |
| 9-17-92 | 178  Government's **response** to motion for discovery of 801(d)(2) statments to be admitted at trial. | | | | |
| 9-17-92 | 179  Government's **response** to motion for disclosure of all evidence material to defendant's guilty or punishment. | | | | |
| 9-17-92 | 180  Government's **response** to defendant's request for notice from Government of its intent to use evidence. | | | | |
| 9-17-92 | 181  Government's **response** to motion for disclosure of Government's confidential informants or for in camera inspection to determine whether identity of confidential informants must be disclosed. Referred to Magistrate Judge Carroll. (Set for **hearing 9/22/92**) | | | | |
| 9-17-92 | 182  Government's **response** to motion to extend time for filing motions.  Referred to Magistrate Judge Carroll. | | | | |
| 9-17-92 | 183  Government's **response** to motion for psychological examination of defendant to support defense of voluntary drug influence. | | | | |
| 9-17-92 | 184  Government's **response** to motion in Limine.  Referred to Judge DeMent. | | | | |
| 9-17-92 | 185  Government's **response** to motion for disclosure of inducements to testify. | | | | |

Interval
(per Section II)

Start Date
End Date

Ltr.
Code

Total
Days

UNITED STATES DISTRICT COURT    THOMPSON, MARVIN C.
CRIMINAL DOCKET    *U. S. vs*

162
92-00106-05

Page 4

AO 256A ®

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|---|------------------------|:---:|:---:|:---:|:---:|
| | | | (a) | (b) | (c) | (d) |
| | | (Document No.) | | | | |
| 9-17-92 | 186 | Government's **response** to motion for Government to notify defense of its intention to use "Other Crimes" evidence. | | | | |
| 9-17-92 | 187 | Government's **response** to motion for discovery and inspection. | | | | |
| 9-17-92 | 188 | Government's **response** to motion for disclosure of all guideline sentencing information. | | | | |
| 9-17-92 | 189 | Government's **response** to defendant's motion for early disclosure of all Jencks Act material. | | | | |
| 9-17-92 | 190 | Government's **response** to motion for Government to preserve <u>Brady</u> material. | | | | |
| 9-17-92 | 191 | Government's **response** to motion for discovery of any electronic surveillances and interceptions of communications. | | | | |
| 9-18-92 | 192 | Magistrate Judge Carroll's **ORDER** granting defendant's motion for transcript of detentionhearing conducted in the Middle District of Georgia; directing the Clerk to provide defense counsel with a copy of the transcript as soon as it is filed in this court. (Copies furnished to USA, PO; mailed to counsel.) | | | | |
| 9-18-92 | 193 | Magistrate Judge Carroll's **ORDER** removing the reference to the motion to extend time for filing motions in the 9/17/92 order; DENYING motion to extend time for filing motions as further set out. (Copies furnished to USA; mailed to remaining counsel.) | | | | |
| 9-21-92 | 195 | Defendant's **ex parte motion** for **ex parte** hearing and motion for leave to withdraw as hearing to Magistrate Judge Carroll. **GRANTED 9/21/92 SEALED & PLACED IN VAULT.** M/DENIED 9/25/92. | | | | |
| 9-21-92 | 196 | Defendant's **motion** to seal ex parte motion for exparte hearing and motion for leave to withdraw and to seal any related hearings or proceedings. Referred to Magistrate Judge Carroll. **GRANTED 9/21/92 SEALED** and placed in vault. | | | | |
| 9-21-92 | 197 | Magistrate Judge Carroll's **ORDER** granting defendant's motion to seal ex parte motion for exparte hearing; setting motion for an **ex parte** hearing for **9/22/92** at 9:00 a.m. in the 3rd floor courtroom; further ORDERED that all documents, tapes and transcripts relating to the motion for leave to withdraw also be placed under <u>seal</u>. (Copy mailed to counsel; counsel advised telephonically of hearing.) **SEALED 9/21/92 per oral directions from Magistrate Judge Carroll.** | | | | |

Interval    Start Date    Ltr.  Total
(per Section II)    End Date    Code  Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------------------------|------|------|------|------|
| | —(Document No.)——————— | (a) | (b) | (c) | (d) |
| 9-22-92 | 198  Magistrate Judge Carroll's **ORDER** directing the clerk's office to refer the file and the ex parte motion to withdraw under <u>SEAL</u> to the Judge DeMent. (Copy mailed to Jean Seay.) | | | | |
| 9-23-92 | 199  Courtroom deputy's minutes of ex parte hearing.  SEALED and placed in vault per 9/21/92 order. | | | | |
| 9-23-92 | 200  Court Reporter's notes and electronic recording SEALED and placed in vault per 9/21/92 order. | | | | |
| 9-24-92 | CJA 24 mailed to Paul W. Alexander. (Detention Hearing Transcript.) | | | | |
| 9-25-92 | 201  Magistrate Judge Carroll's **ORDER** denying defendant's motion for disclosure of government's confidential informants because the government has stated that there are no such informants. (Copy mailed to counsel; furnished: USA, USPO). | | | | |
| 9-25-92 | 202  Magistrate Judge Carroll's **ORDER** that counsel for the defendant has informed the Court that Dr. Guy J. Renfro, licensed psychologist has been employed to conduct defendant's psychological examination; that Dr. Renfro be given reasonable access to defendant at the Montgomery City Jail in order to facilitate the examination; that the Clerk's office is DIRECTED to provide a copy of this order to the U.S. Marshal and to Dr. Renfro. (Copy mailed to counsel, Dr. Renfro; furnished: USA, USM, USPO). | | | | |
| 9-25-92 | 203  **ORDER** that the <u>ex parte</u> motion for leave to withdraw filed by defendant's court-appointed counsel be and is hereby DENIED. (Copy mailed to counsel; furnished: USA, USPO). | | | | |
| 9-28-92 | CJA 21 voucher/order. (Dr. Renfro.) | | | | |
| 9-28-92 | 206  **ORDER** directing the parties to file any requested voir dire questions and any proposed jury instructions no later than October 12, 1992. (Copies furnished to USA; mailed to remaining counsel.) | | | | |
| 9-28-92 | 207  Government's **request** for discovery.  Referred to Magistrate Judge Carroll.  **GRANTED 9/29/92** | | | | |
| 9-28-92 | 208  Government's **amended response** to defendant's motion in limine.  Referred to Judge DeMent. | | | | |

Interval
(per Section II)

Start Date
End Date

Ltr
Code

Total
Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET ▶ *U. S. vs*    THOMPSON, MARVIN C.    92-00162-05

AO 256A ⊛    Page 6

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
| | | (a) | (b) | (c) | (d) |
|------|-------------------------|---------|---------|---------|---------|
| | —(Document No.)— | | | | |
| 9-29-92 | 209  Magistrate Judge Carroll's ORDER granting Government's request for discovery; that defendant shall provide on or before 10/11/92 the information which he is required to disclose pursuant to the provisions of Rule 16(b).  (Copies furnished to USA; mailed to remaining counsel.) | | | | |
| 10-6-92 | Court Reporter's transcript (Paul Alexander, Columbus, GA) of detention hearing held 8/18/92 and 8/20/92 before Magistrate Judge William L. Slaughter. (Copy furnished to Jean Seay 10/6/92) | | | | |
| 10-6-92 | 210  Defendant's **ex parte** motion for issuance of subpoenas or writs for defense witnesses.  Referred to Judge DeMent. | | | | |
| 10-6-92 | 211  Defendant's ex parte/**motion** to seal ex parte motion for issuance of subpoenas or writs for defense witnesses.  Referred to Judge DeMent. | | | | |
| 10-6-92 | 212  CJA 24 voucher for Paul W. Alexander (Court reporter) approved in the amount of $63.00. | | | | |
| 10-8-92 | 213  Plea agreement.  Sealed on motion of the U.S. Attorney; placed in vault. | | | | |
| 10-8-92 | **CHANGE OF PLEA.**  Defendant appeared with appointed counsel, Hon. Jean Seay, before Judge DeMent, and withdrew his plea of not guilty and entered a plea of guilty to Count 1 of the indictment; Counts 37-49 dismissed on the oral motion of the U.S. Attorney. | | | | |
| 10-5-92 | 214  **ORDER** setting **sentencing** for **12/18/92** at 10:00 a.m., Montgomery, AL; that any objections to the presentence report  shall be made in writing to the probation officer on or before 12/2/92; scheduling a meeting before the Probation Officer on 12/4/92 at 9:00 a.m., Montgomery, AL.  (Copies furnished to USA, PO, USM, defendant; mailed to Jean Seay.) | | | | |
| 10-8-92 | 215  **ORDER** remanding defendant to the custody of the U.S. Marshal as required by 18 U.S.C. 3143, as amended. (Copies furnished to USA, PO, USM, defendant; mailed to Jean Seay.) | | | | |
| 11-10-92 | 219  **SENTENCING NOTICE.**  (12/18/92 at 10:00 a.m., 1st floor courtroom, Montgomery, AL.) | | | | |
| 12-15-92 | 222  CJA 21 for Dr. Guy J. Renfro (Clinical Psychologists) approved by Judge DeMent in the amount of $600.00 and processed for payment. | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|-------------------------|-----|-----|-----|-----|
| | | (a) | (b) | (c) | (d) |
| | ┌(Document No.) | | | | |
| 12-17-92 | 223  Defendant's **motion** for continuance of sentencing. Referred to Judge DeMent.  **M/GRANTED 12/18/92.** | | | | |
| 12-18-92 | 224  Defendant's **pro se Motion** for Continuance or request for issuance of subpoenas for witnesses.  Referred to Judge DeMent. | | | | |
| 12-18-92 | 224  **ORDER** granting defendant's motion for continuance of sentencing ; that **sentencing is rescheduled** for the **19th day of January, 1993 @ 3:00 p.m.,** in the Frank M. Johnson, Jr., Federal Building and U. S. Courthouse, Montgomery, AL.  (Copy mailed to defendant; counsel; furnished:  USA, USM, USPO). | | | | |
| 12-22-92 | 225  **SENTENCING NOTICE.**  (1/19/93 at 3:00 pm, 1st floor courtroom, Montgomery, AL.) | | | | |
| 1-13-93 | 227  Defendant's **EX PARTE MOTION** for leave to withdraw as counsel.  Referred to Judge DeMent. | | | | |
| 1-14-93 | 228  **ORDER** denying motion of Jean Seay to withdraw as counsel; that any an all motions to be made either by the attorney for defendant or by the defendant pro se will be heard, argued and ruled on at the time of sentencing.  (Copies furnished to USA; mailed to Jean Seay and Marvin Thompson.) | | | | |
| 1-19-93 | 232  Defendant's pro se motion to withdraw guilty plea and motion for continuance of sentencing hearing.  Referred to Judge DeMent.  (Copy furnished to U.S. Attorney.) (Motion DENIED in open Court 1-19-93) | | | | |
| 1-19-93 | **SENTENCING BEFORE JUDGE DEMENT.** | | | | |
| 1-19-93 | Court reporter's (James R. Dickens) transcript of 10-8-92 change of plea.  Referred to Judge DeMent. | | | | |
| 1-19-93 | 234  **ORDER** that the presentence report be filed with the Clerk of this Court wherein it shall be placed under **seal**; that if an appeal is taken, the presentence report shall be transmitted under seal to the appellate court.  Upon written application to the Clerk, counsel for the defendant and for the government may examine the presentence investigation report or obtain a copy thereof, provided that counsel agrees not to duplicate the report or disclose the contents thereof to any person other than to the members of their staffs who have a need to know such contents.  (Copies furnished to USA, PO; mailed to counsel.)  EOD 1-21-93 | | | | |
| 1-19-93 | 235  Presentence report.  Sealed and placed in vault. | | | | |

| Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |
|---|---|---|---|

EASTERN DIVISION

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET | *U. S. vs*

THOMPSON, MARVIN C.

92-00162-05

AO 256A ⊕

Page 8

| Yr. | Docket No. | Def. |

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|------|--|-------------------------|---------------------|
| | | | (a) | (b) | (c) | (d) |

(Document No.)

| DATE | Doc. No. | PROCEEDINGS |
|------|----------|-------------|
| 1-19-93 | 236 | Courtroom deputy's minutes of sentencing hearing and hearing on motion to withdraw guilty plea and for a continuance of sentencing with attached witness and exhibit list. (Defendant's motion to withdraw guilty plea and motion for a continuance of sentencing DENIED; Attorney Jean M. Seay relieved of her appointment at the conclusion of the sentencing hearing; defendant advised he had 10 days to file a notice of appeal. Exhibits with court file in separate binder.) |
| 1-22-93 | 239 | **JUDGMENT:** Defendant is Ordered to pay to the Clerk of the Court a special assessment fee of $50.00 for Count I, which shall be due immediately; that defendant is hereby committed to the custody of the U. S. BOP to be imprisoned for a term of one hundred thirty-seven(137) months; that defendant is to stand committed for service of this sentence this date; that upon release from imprisonment, defendant shall be on supervised release for a term of five(5) years; that while on supervised release, defendant shall not commit another federal, state or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court; and shall comply with the following additional conditions: (1) defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from custody of the BOP; (2) that if a fine, etc., is imposed, it shall be a condition of supervised release; (3) defendant shall not own or possess a firearm or destructive device; (4) defendant shall submit to a drug test when ordered to do so by the probation officer; the fine is hereby waived; restitution is not ordered; that this sentence is imposed at 137 months, which is the maximum allowable sentence; that sentence is within the applicable guideline range and is deemed to be necessary to address the sentencing objectives of punishment, incapacitation, general deterrence and overall protection of the public from further crimes of defendant. EOD: 1/25/93. (Copy mailed to counsel; defendant; furnished: USA, USM, USPO). |
| 2-17-93 | | CJA 20 voucher for Hon. Jean M. Seay approved by Judge DeMent in the amount of $3,025.44. |
| 9-8-93 | | Received $50.00 assessment fee through BOP. |
| 10-8-93 | 250 | SATISFACTION OF JUDGMENT. |

Interval
(per Section II)

Start Date
End Date

Ltr.
Code

Total
Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY | | | |
|------|----------|-----|-----|-----|-----|
| | | (a) | (b) | (c) | (d) |
| 5-10-94 | 256 Defendant's (pro se) motion for copies of plea<br>agreement, plea and sentencing transcripts at no<br>cost to defendant. Referred to Judge DeMent.<br>**MOTION DENIED PER ORDER OF 5/26/94.** (Copy mailed<br>to Petitioner/defendant; furnished: USA, USPO). | | | | |
| 6-6-94 | 258 Defendant's (pro se) letter motion.."request letter for<br>clarification," construed by the court as a motion<br>for consideration. Referred to Judge DeMent. | | | | |
| 6-6-94 | 259 **ORDER** that defendant's motion for reconsideration filed<br>on June 3, 1994 is hereby denied. (Copy mailed to<br>defendant; furnished: USA, USM, USPO). | | | | |
| 7-6-94 | Defendant's **motion** to release information. Referred to<br>Judge DeMent. | | | | |
| 7-28-94 | 265 **ORDER** DENYING defendant's motion to release<br>information. (Copy mailed deft.; furn. USA.) | | | | |
| 1-24-96 | 291 **Pro Se** Notice of Appeal by Marvin C. Thompson to the<br>U.S. Court of Appeals, Eleventh Circuit from the<br>Sentence entered in this action on 1/19/93 &<br>Judgment entered 1/22/93. (Copies mailed to<br>Marvin C. Thompson, Pro Se with appeal information<br>sheet; Steven Reynolds, AUSA; James Dickens, Court<br>Reporter & certified copy to USCA with copies of<br>Orders appealed from and docket entries.) | | | | |
| 1-24-96 | 291 Notice of Appeal by Marvin C. Thompson containing<br>a **Motion** to proceed on Appeal In Forma Pauperis.<br>Referred to Judge Ira De Ment. | | | | |
| 1-24-96 | Notice of Appeal docketed & transmitted to USCA;<br>Re: [291-1] appeal by Marvin C. Thompson. | | | | |
| 2-1-96 | USCA CASE No. 96-6105; Re: [291-1] appeal by Marvin<br>C. Thompson. | | | | |
| 2-9-96 | Received copy of MEMORANDUM TO COUNSEL from USCA,<br>Eleventh Circuit (dated 2/8/96) advising PARTIES<br>of JURISDICTIONAL QUESTION(s) in USCA CASE #96-6105. | | | | |
| 2-14-96 | 292 **ORDER** denying [291-1] Motion to proceed on Appeal<br>in forma pauperis. (Copies mailed to Marvin C.<br>Thompson, USCA; furn: USA.) | | | | |
| 2/26/96 | 293 **ORDER** denying Defendant's motion for appointment of<br>attorney. (Copies mailed to Marvin C. Thompson,<br>defendant, USCA, 11th Cir.; Furn: USA.) | | | | |

| | Interval<br>(per Section II) | Start Date<br>End Date | Ltr.<br>Code | Total<br>Days |
|--|--|--|--|--|

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET ▶ *U. S. vs*

MARVIN C. THOMPSON

AO 256A ⊕ ▶

| | 92 | - 00162-E | - 05 |
|---|---|---|---|
| | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 7-17-96 | 302   Received certified copy of ORDER (rendered 7/15/96, issued in lieu of the mandate) by USCA, Eleventh Circuit, dismissing [291-1] appeal for lack of jurisdiction; that Appellant's notice of appeal was it was not delivered to prison authorities for forwarding to the district court within ten (10) days of the entry of the district court's January 25, 1993 judgment and commitment order.   USCA CASE #96-6105 | | | | |
| 12-6-96 | 304   Defendant's declaration in support of request to proceed in forma pauperis.  Referred to Mag. Judge Carroll. IFP **GRANTED 12/13/96.** | | | | |
| 12-6-96 | 305   Defendant's motion under 28 USC §2255 to vacate, set aside, or correct sentence.  Referred to Mag. Judge Carroll. | | | | |
| 12-13-96 | 306   Magistrate Judge McPherson's ORDER granting defendant's motion to proceed   in forma pauperis; DIRECTING the Clerk to serve a copy fo the §2255 motion upon the United States Attorney; that the U.S. Attorney file an answer to the motion within 20 days from the date of this order.  (Copies funished to USA w/motion; mailed to defendant.) | | | | |
| 1-2-97 | 307   Government's **response to** defendant's motion pursuant to Title 28, U.S.C. Section 2255.  (Attachments) Referred to Magistrate Judge McPherson. | | | | |
| 1-6-97 | 308   Magistrate Judge McPherson's ORDER allowing petitioner until 2/3/97 to file a response to the answer filed by the respondents.  (Copies furn. to USA; mailed to Marvin Thompson.) | | | | |
| 1-29-97 | 309   Petitioner's **reply** to the government's response to his § 2255 motion with attachments.  Referred to Magistrate Judge McPherson.  (copy of reply with attachments furnished to: USA, USPO). | | | | |
| 4-9-97 | 310   Defendant's letter motion (as construed by 4/14/97 order) for a status report, evidentiary hearing and for copy of the Rules of Procedure.  Referred to Magistrate Judge McPherson. | | | | |
| 4-14-97 | 311   Magistrate Judge McPherson's **ORDER** construing defendant's 4/9/97 letter as a motion for a status report, evidentiary hearing, and for copy of the Rules of Procedure; granting the motion in part and denying the motion in part; that the court is now considering whether the petitioner's petition should be dismissed, as the respondents have requested, or whether the petition should proceed to a determination | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|-------------------------|-----|-----|-----|-----|
| | | | (a) | (b) | (c) | (d) |
| | (Document No.) | | | | | |
| 4-14-97 | | ORDER CONT'D:<br>after a hearing; declining to set an evidentiary<br>hearing at this time and declining to direct that<br>a copy of the Rule of Procedure be produced for the<br>petitioner. (Copies furn. to USA; mailed to Marvin<br>Thompson.) | | | | |
| 9-3-97 | 313 | Defendant's Status motion. Referred to Magistrate Judge<br>McPherson. **M/GRANTED 9/8/97.** | | | | |
| 9-8-97 | 314 | Magistrate judge McPherson's **ORDER** that defendant's<br>Status motion is Granted; that Petitioner is advised<br>that the court is still considering the motion to<br>vacate and the court expects to enter an order within<br>the next 60 days. (Copy mailed to: Petitioner;<br>furnished to; USA, USM, USPO, Ridge Lent). | | | | |
| 1-29-98 | 315 | Petitioner's **motion** and incorporated Memorandum<br>in support of an "expedited hearing" on his<br>§2255 motion. Referred to Magistrate Judge<br>McPherson. | | | | |
| 3-9-98 | 316 | Magistrate Judge McPherson's ORDER denying defendant's<br>1/29/98 motion for expedited hearing. (Copies furn.<br>to USA; mailed to defendant.) | | | | |
| 3-9-98 | 317 | Magistrate Judge McPherson RECOMMENDATION that defendant's<br>motion for relief pursuant ot 28 U.S.C. § 2255 be<br>denied; and ORDER directing parties to file any<br>objections to the recommendation with 13 days. (Copies<br>furn. to USA; mailed to defendant.) | | | | |
| 3-23-98 | 318 | Petitioner's **opposition** to the Recommendation<br>of the Magistrate Judge. Referred to<br>Magistrate Judge McPherson. | | | | |
| 4-28-98 | 329 | **ORDER** overruling defendant's objections to the Magistrate's<br>recommendation; ADOPTING, APPROVING and AFFIRMING the<br>Recommendation of the Magistrate Judge; DENYING<br>defendant's mtoion for relief pursuant to 28 U.S.C.<br>§2255. (Copies furnished to USA, Civil Clerk; mailed<br>to defendant.) EOD 4/28/98 | | | | |
| 5-11-98 | 350 | Application for Certificate of Appealability<br>(construed as a Notice of Appeal at the request<br>of USCA and treated as containing a Motion for<br>IFP.) from the Final Order entered on 4/28/98.<br>(Copies mailed to Marvin C. Thompson with appeal<br>information sheet, USA and certified copies of<br>Orders appealed from and docket entries.) | | | | |
| 5-11-98 | 350 | Motion for Certificate of Appealability and Motion<br>to Proceed In Forma Pauperis referred to Judge DeMent. | | | | |
| | | | Interval<br>(per Section II) | Start Date<br>End Date | Ltr.<br>Code | Total<br>Days |

| UNITED STATES DISTRICT COURT CRIMINAL DOCKET | *U. S. vs* | | 92-00162-E | | |
|---|---|---|---|---|---|
| AO 256A ⊕ | MARVIN THOMPSON | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 11-2-98 | 351  Order denying petitioner's motion to appeal in form pauperis, denying application for certificate of appealability.  (Copies mailed to Petitioner, USCA, 11th Cir. furn: USA.) | | | | |
| 12/21/98 | Received request from USCA, Eleventh Circuit for original papers on Marvin Thompson. | | | | |
| 12/23/98 | Transmittal of original papers for Marvin Thompson to USCA, Eleventh Circuit. | | | | |
| 1-29-99 | Received acknowledgement of receipt of ROA from USCA, 11th Cir. | | | | |
| 6/18/99 | Received request for the Certificate of Readiness from the USCA, Eleventh Circuit. | | | | |
| 6/18/99 | Received copy of order from the United States Court of Appeals, Eleventh Circuit that Appellant's motion for a COA is GRANTED on the following issues:  1. whether trial counsel was ineffective by not objecting to the quantity of drugs attributed to appellant; 2. whether the district court properly determined that appellant's claims were procedurally barred where the trial court allowed appointed counsel to withdraw after sentencing without appointing substitute counsel on appeal and/or where the trial court did not inform appellant of the time period in which he was required to file his notice of direct appeal.  No certificate of appealability should issued on the remaining issued appellant raises, because he failed to make a substantial showing of the denial of a constitutional right; Appellant's motion for leave to proceed in forma pauperis on appeal is GRANTED. | | | | |
| 6/21/99 | Certificate of Readiness prepared and mailed to the United States Court of Appeals, Eleventh Circuit for defendant Marvin C. Thompson. | | | | |
| 8-25-99 | Transcript filed [James Dickens] of the 1/19/93 Sentence Hearing held before Hon. Ira De Ment. | | | | |
| 8-25-99 | Certificate of Readiness of FIRST SUPPLEMENT to record on appeal mailed to Defendant, USCA & Counsel. | | | | |

Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|-------------------------|:---:|:---:|:--:|:--:|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 9-14-99 | | Received request from USCA, 11th Circuit for ROA. | | | | |
| 9-16-99 | | Entire Record on Appeal mailed to USCA, 11th Circuit. [98-6837] | | | | |
| 9-22-99 | | Received acknowledgment of receipt of record on appeal from USCA, 11th Cir. | | | | |
| 1-20-2000 | | Received certified copy of PER CURIAM OPINION: (rendered 11/26/99) of the U.S. Court of Appeals, Eleventh Circuit [98-6837] | | | | |
| 1-20-2000 | 373 | JUDGMENT of the U.S. Court of Appeal (rendered 11/26/99, is issued as the mandate 1/19/00) of the U.S. Court of Appeals, Eleventh Circuit, AFFIRMING the judgment of the District Court. (Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.) [98-6837] | | | | |
| 1-20-2000 | | Entire Record on Appeal on Appeal returned from USCA, 11th Cir. [98-6837] | | | | |
| 11-22-05 | 402 | USPO's Petition for Warrant for Offender Under Supervision. Referred to Judge Myron Thompson (in Judge DeMent's absence) | | | | |
| 11-22-05 | 403 | Limits of Punishment. | | | | |
| 11/23/05 | 404 | ORDER directing that warrant be issued as to Marvin C. Thompson. | | | | |
| 11/23/05 | 405 | WARRANT FOR ARREST issued. | | | | |
| 11-29-05 | | Arrest of defendant Marvin C. Thompson (pursuant to notice from USM) | | | | |
| 11-29-05 | 406 | Financial Affidavit submitted by defendant | | | | |
| | 407 | Minutes of Initial Appearance held before Magistrate Judge Vanzetta Penn McPherson. Defendant continued on Supervised Release ORAL MOTION for Appointment of Counsel ORAL ORDER APPOINTING Federal Public Defender as counsel of record for defendant | | | | |
| | 408 | Defendant Marvin C. Thompson's WAIVER of PRELIMINARY EXAMINATION or HEARING | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |
|--|--|--|--|--|

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET** ▶ *U. S. vs*

AO 256A ●

**MARVIN THOMPSON**

92–00162–E

| | Yr. | Docket No. | Def. |

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|--|-------------------------|-----|-----|-----|-----|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 11-30-05 | 409 | ORDER setting revocation hearing on 12/21/05 at 2:00 p.m., Courtroom 2E before Judge Myron Thompson. (Copies mailed to counsel and dft and furnished USA, USM, USPO, USPTSO.) | | | | |
| 12-1-05 | 410 | Notice of Appearance by Attorney Donnie W. Bethel, Federal Defender. | | | | |
| 12-2-05 | 411 | Warrant issed 1/23/05 returned executed. | | | | |
| 12-15-06 | 412 | AMENDED PETITION for Revocation of Supervision. Referred to Judge Myron Thompson. | | | | |
| 12-16-05 | | ORDER, incrporated in petition filed on 12-15-05, amending 11/22/05 petition. (Copies furnished USA, USPO, FD) Copy mailed to dft | | | | |
| 12-19-05 | 413 | Defendant's PETITION for WHCAT and MOTION to Seal. Proposed Order attached. Referred to Judge McPherson. | | | | |
| 12-20-05 | 414 | ORDER granting motion for WHCAT and directing that Petition and WHCAT be placed under seal until further order of the court. (Copy furnished USM and FD.) | | | | |
| 12-20-05 | 415 | WRIT of Habeas Corpus Ad Testificandum issued for inmate's appearance at 12/21/05 hearing (SEALED per DN 414) | | | | |
| 12-21-05 | 416 | MINUTES of 12/21/05 Proceeding before Judge Myron Thompson. Revocation hearing continued. Mitchell Reisner, Court Reporter. | | | | |
| 12-21-05 | | Defendant's ORAL MOTION to Continue Revocation Hearing. | | | | |
| 12-21-05 | | Court's ORAL ORDER GRANTING oral motion to continue revocation hearing. Order to issue. | | | | |
| 12-21-05 | 417 | WRIT of Habeas Corpus Ad Testificandum RETURNED UNEXECUTED by USM. | | | | |
| 12-23-05 | 418 | ORDER (1) granting defendant's 12/21/05 oral motion for continuance, and (2) resetting revocation hearing on 1/17/06 at 10:00 a.m. Copies mailed to dft and furnished USA, FD, USPO, YG, HC, USM.) | | | | |
| 1-4-06 | 419 | Notice of Appearance by Attorney Tommie Hardwick on behalf of the United States. | | | | |

Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days

UNITED STATES DISTRICT COURT                MARVIN THOMPSON
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|-------------------------|-----|-----|-----|-----|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 1-6-06 | 420  Defendant's PETITION for WHCAT and Motion to Seal.  Proposed Order attached.  Referred to Magistrate Judge McPherson  **SEALED** | | | | |
| 1-6-06 | 421  ORDER granting ]420] petition and sealing the petition and this order.  Copy furnished USM and FD | | | | |
| 1-9-06 | 422  Defendant's AMENDED PETITION for WHCAT and MOTION to seal.  Referred to Magistrate Judge McPherson.  SEALED per dn 423 | | | | |
| 1-10-06 | 423  ORDER granting motion for WHCAT and motion to seal.  (Copy furnished USM, FD.)  SEALED | | | | |
| 1-10-06 | 424  WRIT of HABEAS CORPUS AD TESTIFICANDUM ISSUED as to Earnest Lyman at Chambers County Jail  SEALED | | | | |
| 1-11-06 | 425  Defendant's (second) AMENDED Petition for WHCAT and Motion to Seal.  Referred to Magistrate Judge McPherson.  **SEALED** | | | | |
| 1-11-06 | 426  ORDER resetting the Revocation Hearing, now set for 1/17/06, for 1/26/06 at 10:00 a.m, courtroom 2E, before Judge Myron H. Thompson. (Copies mailed to defendant and furnished usa, fd, yg, hc, usm, uspo, uspts.) | | | | |
| 1-12-06 | 427  ORDER granting petition for WHCAT and motion to seal, directing the clerk to issue the writ for 1/26/06 at 10:00 a.m., and directing tha the petition and this order be placed under seal until further order of this Court. (Copies furnished FD and USM w/writ.)  **SEALED** | | | | |
| 1-12-06 | 428  WRIT OF HABEAS CORPUS AD TESTIFICANDUM for witness for 1/26/06 hearing before Judge Myron Thompson.  **SEALED** per DN 427 | | | | |
| 1-13-06 | 429  Defendant's Motion to Continue.  Referred to Judge Thompson. | | | | |
| 1-25-06 | 430  ORDER (1) granting the motion to continue, and (2) continuing the revocation hearing, now set for 1/26/06, for 2/15/06 at 10:00 a.m. (Copies furnished USA, USM, USPO, USPTSO, FD and mailed to dft.) | | | | |
| 1-27-06 | 431  Defendant's Petition for WHCAT and MOTION to Seal.  Referred to Magistrate Judge McPherson | | | | |

Interval             Start Date     l te   Total
(per Section II)      End Date     Code  Days

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET** ▷ *U. S. vs*

AO 256A ®

| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------------------------|:---:|:---:|:---:|:---:|
| | | (a) | (b) | (c) | (d) |
| | (Document No.) | | | | |
| 1/30/06 | 432  ORDER that the requested WHCAT be issued for the appearance of witness, and that said Writ be placed under seal until further order of this Court. (Copies furnished to FD and USM w/writ) **SEALED** | | | | |
| 1/30/06 | 433  WRIT of Habeas Corpus Ad Testificandum Issued under **SEAL** per 1/30/06 Order (Furnished USM) | | | | |
| 1-31-06 | 434  WHCAT returned unexecuted (witness picked up on prior writ) **SEALED DOCUMENT** | | | | |
| 2-10-06 | 435  Defendant's Ex parte Application in Forma Pauperis for Subpoena and Subpoena Duces Tecum and MOTION to Seal. Referred to Judge Vanzetta McPherson | | | | |
| 2-10-06 | 436  Defendant's Ex Parte Application in Forma Pauperis for Subpoena Duces Tecum and Motion to seal  (Referred to Judge McPherson. | | | | |
| 2-10-06 | 437  ORDER granting [435] application for subpoenas and MOTION TO Seal. (Copies furnished USA, USM) Signed by Magistrate Judge McPherson | | | | |
| 2-10-06 | 438  ORDER granting [436] Application for Subpoenas and MOTION TO Seal. Signed by Magistrate Judge McPherson. (Copies furnished FD USM) | | | | |
| 2-15-06 | 439  Defendant's Motion to Continue (revocation hearing). Referred to Judge Thompson. | | | | |
| 2-15-06 | Hearing deadline terminated (after parties reported). | | | | |
| 2-15-06 | Petition for Revocation [402] REFERRED back to Judge DeMent for disposition (per Judge Thompson). | | | | |
| 3-1-06 | 440  ORDER that it is CONSIDERED and ORDERED that a supervised release revocation hearing is hereby set on the 4th day of April, 2006, at 1:00 p.m., Courtroom 2-B, in the U.S. Courthouse, One Church Street, Montg., AL.  No further continuances wil be granted.  signed: Ira DeMent; copies provided | | | | |
| 4-4-06 | 441  **MINUTES** of Revocation Hearing Held before Senior District Judge Ira DeMent.  (Witness List, Government's Exhibit List and Defendant's Exhibit List attached). | | | | |

| | Interval (per Section II) | Start Date End Date | Ltr. Code | Total Days |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET

AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|------|------|---|---|---|---|
| | (Document No.) | (a) | (b) | (c) | (d) |
| 4-11-06 | JUDGMENT:  Defendant's term of supervised release shall be revoked and defendant is required to to serve 46 months on the Court's finding of guilt as to violations 1, 2, and 3; Defendant shall be on supervised release for a term of one year and comply with the mandatory and standard conditions of supervised release on file with the Court; that defendant shall participate in drug testing and/or treatment; shall contribute to the cost of any treatment based on ability to pay and availability of third party payments; shall submit to a search of person, residence, office or vehicle pursuant to the search policy of this court. (EOD: 4/11/06)  Copies mailed to counsel; furnished to  USA, USM, USPO. | | | | |
| 4-12-06 | 442 NOTICE OF APPEAL by Marvin C. Thompson to the United States Court of Appeals Eleventh Circuit from the Judgment enter 4/11/06.  Copies mailed | | | | |
| 4/12/06 | Transmission of Notice of Appeal and Certified copy of Docket Sheet and Orders to US Court of Appeals re [442[ Notice of Appeal. | | | | |
| 5/1/06 | 443 Received Transcript Order Request re 06-12309-J, [442] Notice of Appeal from Donnie Bethel counsel for appellant Marvin C. Thompson with following notation: "I Am Ordering A Transcript of The Following Proceedings" Other: Revocation Hear held 4/4/06, before Judge Ira DeMent, Jimmy Dickens C/R. Copy to JD/CR. | | | | |
| 4/26/06 | USCA Case Number 06-12309-J for [442] Notice of Appeal filed by Marvin C. Thompson. | | | | |
| 6/30/06 | Court reporter's TRANSCRIPT filed for dates of 4/4/06 REVOCATION HE before Judge Ira De Ment, Jimmy Dickens C/R. | | | | |
| 7/23/06 | Certificate of Readiness to US Court Of Appeals re [442[Notice of Appeal. | | | | |
| 9/14/06 | Request for Record on Appeal By USCA Eleventh Circuit RE: 06-12309-JJ, [ 442] Notice of Appeal | | | | |
| 9/19/06 | Certified and Transmitted Record on Appeal to US Court of Appeals RE: 06-12309-JJ, [ 442] Notice of Appeal | | | | |
| 9/28/06 | Acknowledgement of Receipt of Record on Appeal from USCA re 06-1230 [442] Notice of Appeal. | | | | |

**UNITED STATES DISTRICT COURT**
**CRIMINAL DOCKET**   *U. S. vs*  MARVIN C. THOMPSON

AO 256A ⊕

| | | | 92 | 00162 | 05 |
|---|---|---|---|---|---|
| | | | Yr. | Docket No. | Def. |

| DATE | | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|---|
| | (Document No.) | | (a) | (b) | (c) | (d) |
| 01/16/07 | 444 | PER CURIAM received from USCA Eleventh Circuit of Opinion entered on 12/13/06, Because the imposition of the relevant factors under 3553(a), the sentence was not unreasonable. Accordingly, we affirm the district court's order revoking Thompson's supervised release and Thompson's sentence. AFFIRMED. | | | | |
| 01/16/07 | 445 | JUDGMENT ISSUED AS MANDATE OF USCA (certified copy) as to Marvin C. Thompson, re: 06-12309-JJ, [442] Notice of Appeal; AFFIRMING the district court's decision. | | | | |
| 01/16/07 | | Appeal Record received from USCA RE: 06-12309-JJ, [442] Notice of Appeal | | | | |

Interval  (per Section II)   Start Date / End Date   Ltr. Code  Total Days

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Middle District of Alabama
### Eastern Division

JAN 22 1993

CLERK
U. S. DISTRICT COURT
DDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.                                        Case Number CR 92-00162-E-005

MARVIN C. THOMPSON

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MARVIN C. THOMPSON, was represented by JEAN M. SEAY.

On motion of the United States the court has dismissed Counts thirty-seven (37) through forty-nine (49).

The defendant pleaded guilty to Count 1. Accordingly, the defendant is adjudged guilty of such count, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute Cocaine Base; | 05/24/92 | 1 |

As pronounced on January 19, 1993, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the Clerk of the United States District Court a special assessment of $ 50.00 for Count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 22nd day of January, 19 93.

_____
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 11/12/60
Defendant's address: 2268 15th Avenue, S.W., Lanett, Alabama 36863

ECD 1-25-93

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4 Pages

Defendant:  MARVIN C. THOMPSON
Case Number:  CR 92-00162-E-005

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred thirty-seven (137) months.

The defendant is to stand committed for service of this sentence this date.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 4 Pages_

Defendant:  MARVIN C. THOMPSON
Case Number:  CR 92-00162-E-005

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.      If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2.      If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay as ordered any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.      The defendant shall not own or possess a firearm or destructive device.

4.      The defendant shall submit to a drug test when ordered to do so by the Probation Officer.  If determined necessary by the Probation Officer, the defendant shall participate in a substance abuse treatment program as directed by the Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)   The defendant shall support his or her dependents and meet other family responsibilities.
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 4 of 4 Pages

Defendant:  MARVIN C. THOMPSON
Case Number:  CR 92-00162-E-005

### STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report, except as follows:

**Paragraph 6:**

The Court sustained the objection to the inclusion of two (2) points for the Attempted Theft of Property, II Degree, charge originating in the Valley Municipal Court of Chambers County, Alabama (VDC 88-93). With the deletion of these two (2) points, the total of the criminal history points is Seven (7). According to the Sentencing Table (Chapter 5, Part A), seven (7) criminal history points establish a Criminal History Category of IV.

It is noted that the Criminal History Category of IV, as stated in the initial report, has not changed.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 28 |
| Criminal History Category: | IV |
| Imprisonment Range: | 120 to 137 months |
| Supervised Release Range: | 5 Years |
| Fine Range: | $12,500 to $4,000,000.00 |
| Restitution: | $  -0- |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

Restitution is not ordered for the following reason:  The Court finds that 18 U.S.C. §3663 does not apply in this case; therefore, an order of restitution is not entered.

The sentence is imposed at one hundred thirty-seven (137) months, which is the maximum allowable sentence. This sentence is within the applicable guideline range and is deemed to be necessary to address the sentencing objectives of punishment, incapacitation, general deterrence and overall protection of the public from further crimes of the defendant.

The Court finds that the sentence imposed is consistent with the factors stated at 18 U.S.C. § 3553(a) to be considered in imposing a sentence.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
             Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>MIDDLE</td><td>District of</td><td>ALABAMA</td></tr>
</table>

| UNITED STATES OF AMERICA<br>**V.** | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release) |
|---|---|

MARVIN C. THOMPSON

| | |
|---|---|
| Case Number: | 3:92cr162-IDM |
| USM Number: | 84302-020 |
| Donnie Bethel | |
| Defendant's Attorney | |

## THE DEFENDANT:

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

x  was found in violation of condition(s) 1, 2, 3 _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Obstructing a Governmental Operation | 11/17/05 |
| 2 | Unlawful Possession of a Controlled Substance, Cocaine | 11/17/05 |
| 3 | Convicted Felon with a Hi Point 9mm firearm | 11/17/05 |

     The defendant is sentenced as provided in pages 2 through   4   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  xxx-xx-8190 | 4/4/06<br>Date of Imposition of Judgment |
| Defendant's Date of Birth:  xx/xx/1961 | |
| | _Ira DeMent_<br>Signature of Judge |
| Defendant's Residence Address: | |
| _____ | |
| _____ | Ira DeMent-Senior District Judge<br>Name and Title of Judge |
| _____ | April 11, 2006 |
| Lanett, AL 36863 | Date |
| Defendant's Mailing Address: | |
| _____ | |
| _____ | |
| Lanett, AL 36863 | |

AO 245D    (Rev. 12/03 Judgment in a Criminal    e for Revocations
Sheet 2— Imprisonment

DEFENDANT:    Marvin C. Thompson
CASE NUMBER:    3:92cr162-IDM

Judgment — Page    2    of    4

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

46 Months.  That the term of supervised release imposed on January 22, 1993 is hereby revoked.

☐   The court makes the following recommendations to the Bureau of Prisons:

x   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.  ☐ p.m.  on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

AO 245D    (Rev. 12/03) Judgment in a Criminal Case ... or Revocations
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT:        Marvin C. Thompson
CASE NUMBER:      3:92cr162-IDM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

1 Year

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
     or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D    (Rev. 12/03) Judgment in a Criminal C... for Revocations
Sheet 3C — Supervised Release

Judgment—Page __4__ of __4__

DEFENDANT:        Marvin C. Thompson
CASE NUMBER:    3:92cr162-IDM

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in drug testing and/or treatment; the defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

2. The defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.