IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN C. THOMPSON, | ) | |
| Petitioner | ) | |
| v. | ) | Civil Action No. 3:07cv915-ID |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

### AFFIDAVIT OF DONNIE W. BETHEL

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

I, **DONNIE W. BETHEL,** being duly sworn, states as follows:

1. I am currently employed by the office of the Federal Defender for the Middle District of Alabama. The Federal Defender was appointed to represent Petitioner and I filed my notice of appearance on behalf of Petitioner on December 1, 2005. I represented Petitioner from that date until I received notice on December 18, 2006, that the 11th Circuit Court of Appeals denied his appeal.

2. On October 8, 2007, pursuant to 28 U.S.C. 2255, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence. This affidavit is provided in response to this Court's Order, entered on October 12, 2007.

3. **Addendum 1a.** Petitioner alleges that I should have requested the

assistance of a handwriting expert. In response, I refer the Court to the transcript of the revocation hearing, in which it is clear that I impeached Lt Wood's testimony concerning whether Petitioner signed a ticket that he allegedly received at the time of his arrest. I made a tactical decision that a handwriting expert was unnecessary, in light of the evidence that clearly cast doubt on Lt. Wood's testimony concerning whether he issued Petitioner a ticket at the time of his arrest.

4. **Addendum 1b.** As to Sylvia Banks, who was Petitioner's girlfriend and a passenger in his car during the arrest in question, my investigator and I interviewed her at length concerning her knowledge of this case. First, contrary to Petitioner's assertion, Ms. Banks confirmed to us that there was indeed a black bag on Petitioner's car seat; therefore, her testimony on this matter would've been very damaging to Petitioner's case. Further, my investigator and I both concluded beyond doubt that Petitioner had instructed Ms. Banks to lie on his behalf and claim ownership of the gun found in the bag. I chose not to call her as a witness because I am not in the habit of suborning perjury. As to Andreena Lynch, no one we interviewed during our investigation ever mentioned that she had any personal knowledge of the circumstances surrounding Petitioner's arrest, nor did Petitioner ever mention that Ms. Lynch possessed any such knowledge. The information that Ms. Lynch has attested to in her sworn affidavit was never brought to the attention of me or my investigator.

5. **Addendum 1c.** As to the videotape, this was not a case where a videotape that had been properly recorded was later damaged; rather, the arrest was never recorded at all due to the error of Lt Wood in operating the recording device. Therefore, there was

nothing to reconstruct, and there was no point in seeking the assistance of an expert.

6. **Addendum 1d.** As to failing to object to a continuance, the Prosecutor seemed to have a legitimate reason that her witness was unavailable on the initial hearing date. I knew the Court would have continued the case over my objection, and I also knew that the Court's denial of my objection would not have unfairly prejudiced Petitioner. Therefore, an objection would have been fruitless, which is why I did not object to a continuance.

7. **Addendum 1e.** Petitioner and I had several discussions in which I addressed the issue of suppressing the fruit of the search of Petitioner's car. I explained the differences between a trial and a revocation hearing. I explained that the standard of proof at a trial is proof beyond a reasonable doubt, while the standard of proof at a revocation hearing is a preponderance of the evidence. I also explained that the Federal Rules of Evidence would apply at a trial, but that those Rules don't apply at an evidentiary hearing. I further explained how this impacted the suppression of evidence: evidence that might be suppressed at a trial would be admissible at an evidentiary hearing. Petitioner understood this.

8. **Addendum 1f.** As to failing to move to have the alleged crack cocaine tested, this simply was immaterial to the strategy we employed at the hearing. We contended that the bag and its contents that were found in Petitioner's car did not belong to Petitioner. It would not have mattered at all if we could somehow have convinced the court that the substance in the bag was not crack, if the court still found that the gun belonged to petitioner, because the Court would still have found that Petitioner violated the terms of his supervised

release by possessing a firearm. In essence, the gun and the crack rose and fell together.

9. **Addendum 2.** Petitioner never suggested to me or anyone in the Office of the Federal Defender that Lt. Wood planted the bag and the evidence in his car; in fact, in discussing his case with Petitioner, he never disputed that Lt. Wood found the bag in his car. Petitioner only insisted to me and my investigator that the bag wasn't his, and that it may have been left in his car by an unnamed man who used his car earlier in the day, by his daughter, or by Sylvia Banks. Further, Petitioner testified at the revocation hearing in his own defense and he never suggested that Lt. Wood had planted the evidence in his car.

10. **Addendum 3.** Petitioner is correct when he asserts that the Court never gave me an opportunity to object to the findings or sentence of the Court.

11. **Addendum 4.** As to the witnesses named in this Addendum, I will address each one. Barbara Thompson had no knowledge of the traffic stop or the bag found in Petitioner's car. At no time did Petitioner ever express to me that he believed that we should call Ms. Thompson as a witness at the hearing. Tony Malone had no knowledge of the traffic stop or the bag found in Petitioner's car. Mr. Malone was the President of the Lanett, Alabama, chapter of the NAACP. He told me that he had received several complaints from black citizens in Lanett complaining of racial profiling and harassment by Lt. Wood. When I discussed subpoenaing Mr. Malone, he became hostile and stated that he would not testify voluntarily, as he was a businessman who had to do business in Lanett. In light of Mr. Malone's hostility and reluctance to testify, and his lack of any knowledge concerning the traffic stop or the bag found in Petitioner's car, I made a tactical decision not to call Mr. Malone as a witness. I fully discussed this decision with Petitioner and he did not object to

this strategy. The testimony of Officers Clark and Cox would have supported and corroborated that of Lt. Wood, and nothing they would have testified to would have helped Petitioner's case. At no time did Petitioner ever express to me that he believed that we should call Officer Clark or Officer Cox as a witness at the hearing. Attorney James Ingram represented Petitioner at the preliminary hearing conducted in state court. Mr. Ingram initially told me that Lt. Wood admitted at that hearing that Lt. Wood did not issue Petitioner a ticket at the time of Petitioner's arrest. However, I obtained and reviewed a transcript of the preliminary hearing and discovered that the transcript reflected that Lt. Wood did not testify concerning the question of whether he issued Petitioner a ticket or not. When I discussed this with Mr. Ingram, he did not dispute the accuracy or authenticity of the transcript, and admitted that he must have been mistaken concerning his memory of Lt. Wood's testimony at the preliminary hearing. At that point, Mr. Ingram had no testimony of value to offer at the revocation hearing, which is why I did not ask him to attend the hearing after it had been continued. I fully discussed this decision with Petitioner.

12. I discussed the appeals process with Petitioner on several occasions. I explained to him that the resolution of his case turned on the facts of his case, rather than on technical legal issues, and I further explained why this would be important when appellate courts considered his appeal. Shortly after the conclusion of his revocation hearing, I briefed Petitioner that we would appeal the decision of the District Court, which we did. I explained at that time that we had little chance of prevailing on appeal, based on the preponderance of the evidence standard that applied at the revocation hearing and on the fact that appellate courts are very reluctant to overturn factual determinations made by any district court. He

asked about appealing to the Supreme Court if we lost at the 1th Circuit Court of Appeals. I explained the process of seeking certiorari, and I told him that the chance that the Supreme Court would take a case that was fact-based and did not present a fundamental Constitutional issue was virtually zero. I explained that if we lost at the 11th Circuit that his case, for all practical purposes, would be over. I did tell Petitioner that the Office of the Federal Defender would only represent him on his direct appeal and that we would not assist him in seeking certiorari before the Supreme Court.

    Further, Affiant Saith Not.

DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49

STATE OF ALABAMA  )
                               )
COUNTY OF          )

    Subscribed and sworn to before me on this the 5th day of November, 2007, at Montgomery, Alabama.

Notary Public in and for said
County, in said State

(SEAL)

My commission expires 6/15/2008

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN C. THOMPSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 3:07cv915-ID |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to Tommie Brown Hardwick, Assistant United States Attorney, and I mailed a copy to Marvin Thompson, Register No. 84302-020, FCI Yazoo City Low, Box 5000, Yazoo City, MS 39194.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49