IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN C. THOMPSON,             )
                                )
        Petitioner,             )
                                )
v                               )       Civil Action No. 3:07cv915-ID
                                )
UNITED STATES OF AMERICA        )
                                )
        Respondent.             )
_____ )

### REBUTTAL AFFIDAVIT

### OF SYLVIA BANKS, aka SYLVIA LYNCH

I, Sylvia Banks, also known by the name Sylvia Lynch, being over the
age of eighteen years and fully competent to make the following statements,
do hereby submit this Affidavit under penalty of perjury for consideration
in the aforementioned civil action:

(1)   This affiant states that at no time has she ever stated to
Attorney Don Bethel or his investigator that there was a bag on the seat
of Marvin Thompson's vehicle at the time of his arrest by Lt. Steven Wood.

(2)   Affiant states that at no time has Marvin Thompson attempted
to persuade her to claim ownership of the gun or bag of drugs allegedly
found in his vehicle by Lt. Steven Wood.

(3)   Affiant states that she was told by Mr. Bethel that she would
be the key to Marvin Thompson's defense because she was the last person
in the vehicle and that she would be able to support Mr. Thompson by
stating that there was no bag on his seat or anywhere else in the vehicle
that she could see.

(4)   Affiant states that she was told by Mr. Bethel during a meet-
ing which took place at the home of Mr. Thompson's mother that she defin-
itely needed to schedule time away from work in order to make herself

available to testify at the hearing on Mr. Thompson's behalf.

(5)    Affiant states that on that same occasion Attorney Bethel and his investigator told Mr. Thompson's sister, Barbara Thompson, that she would also be needed to testify on Mr. Thompson's behalf regarding his character, work ethic, and the fact that he provided over 50% of the care of their mother.

(6)    Affiant states that she spoke only briefly to Mr. Bethel at her place of employment on the occasion that he and his investigator came there. Mr. Thompson was not immediately present during this meeting and did not hear the questions asked or the responses given. Affiant responded to each question to the best of her personal knowledge and belief without any encouragement or persuasion from Mr. Thompson. Mr. Thompson has never at any point told this Affiant to lie or make any false claim with regard to items allegedly found in his car. (See original Affidavit.)

(7)    Affiant states that all statements made in her original Affidavit stand as the truth.

(8)    Affiant states that she was in the vehicle with Mr. Thompson and Barbara Thompson, his sister, near Montgomery on April 4, 2007 and witnessed a phone conversation that Mr. Thompson had with Attorney Bethel. On that occasion, Mr. Thompson became very upset because Mr. Bethel was telling him not to bring this Affiant to the courthouse at that time. Affiant states that she was able to hear both sides of the conversation. Mr. Thompson asked for an explanation and Mr. Bethel said that he intended to present Affiant as an alibi owner of the bag allegedly found on the seat of the car. Since Lt. Wood did not detain Affiant, it could be argued that he had released a possible suspect. Mr. Thompson stated that he did not agree to this line of defense and that, as he was already

en route to the courthouse, he had no place to take Affiant. Mr. Bethel responded that Mr. Thompson could bring Affiant to the courthouse and he would let her into the Attorney Room just outside the courtroom. He stated that she should remain there out of sight because he did not want the prosecutor to see her, as it might cause her to be called to testify.

(9)    Affiant further states that at the conclusion of this tele-phone conversation Mr. Thompson looked at her and at his sister, who was seated in the back seat of the vehicle and said, 'That's messed up.' Affiant then asked Mr. Thompson why Mr. Bethel did not want her to come to the courthouse to testify in light of the fact that she had taken time away from work. This was the third occasion on which Affiant had taken time from work to be available to testify. Affiant was very upset and confused.

(10)    Affiant states that she was never told that she would not be called to testify in Mr. Thompson's defense and in fact was told just the opposite on more than one occasion by both Mr. Thompson and Mr. Bethel. Even the investigator stated that she would be needed.

(11)    Affiant states that upon arrival at the courthouse Mr. Thompson called Mr. Bethel's cell phone for further instructions. Mr. Bethel told him to come up at once but to instruct Affiant to remain in the car and that he would send someone out to take her to the Attorney Room once Mr. Thompson had reached the courtroom.

(12)    Affiant states that, to the best of her recollection, Mr. Bethel's investigator came out and let her into the Attorney Room where she remained for the duration of the hearing without any water or access to a restroom.

(13)    Affiant states that, after the hearing, Mr. Bethel burst into the Attorney Room acting very upset. He informed Affiant that the court

had ordered Mr. Thompson to be taken into custody but that 'we are going to appeal this'. Mr. Bethel then handed Affiant Mr. Thompson's jewelry and wallet and left the room.

Dated this _13th_ day of the month of _December_ 2007.


_Sylvia Banks_

Sylvia Banks, aka Sylvia Lynch
Affiant

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN C. THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v | ) Civil Action No. 3:07cv915-ID |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

### AFFIDAVIT OF BARBARA THOMPSON

I, Barbara Thompson, being over the age of eighteen years and fully competent to make the following statements, do hereby submit this Affidavit under penalty of perjury for consideration in the aforementioned civil action:

(1)    This Affiant states that on at least two occasions, she spoke to Attorney Don Bethel with regard to his defense strategies in the representation of Marvin C. Thompson, the Affiant's brother. Affiant was told that she would be needed to testify about Mr. Thompson's role as a caregiver to his elderly mother and the critical need for him to continue in that role.

(2)    Affiant states that she was informed by Mr. Bethel and his investigator that her testimony would be very beneficial to Mr. Thompson because he was actively responsible for over 50% of the care that his mother received and was consistently working and contributing to his mother's upkeep.

(3)    Affiant states that she was in the car with Mr. Thompson and Sylvia Banks on April 4, 2007 and witnessed a phone call that took place between Mr. Thompson and Attorney Bethel. At the conclusion of that

phone call, Mr. Thompson informed Affiant that Mr. Bethel had called
to tell him not to bring Ms. Banks to the courthouse.

(4)   Affiant states that Mr. Thompson was clearly upset and that
from her knowledge of her brother and his expressions it was evident
that he knew nothing about this in advance. It came as a complete
surprise that Mr. Bethel did not intend to let Ms. Banks testify on
his behalf. All of us were prepared to testify as Mr. Bethel had told
us we would be called upon to do.

(5)   Affiant states that her original Affidavit stands as true
and that she was able to drive Mr. Thompson's car from the side of the
road on the day that he was arrested, but was not allowed to by LT.
STEVEN WOOD.

Sworn to on this _13_ day of _December_ , 200_7_ under
the penalties of perjury, 28 U.S.C. § 1746, the foregoing being true
and complete to the best of my ability to recall.


Barbara Thompson
Affiant

Ms Sylvia Banks
2268 15th Ave S.W.
Lanett Al 36863

United States (office of the Clerk)
District Court
Clerk
P. o Box 711
Montgomery, AL 36101-0711