IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARVIN C. CRAWFORD, | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. 3:07cv915-ID |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |
| | * | |

### PROOF OF CLAIMS IN REBUTTAL TO AFFIDAVIT OF DONNIE W. BETHEL

Comes now, "Marvin Crawford; Thompson," Sui Juris, and respectfully submitts this Proof of Claims in rebuttal to the Affidavit of Donie W. Bethel, filed in response to Sui Juris petitioner "Marvin Crawford; Thompson's," Title 28 U.S.C. §2255 Motion to vacate, set aside, or correct his federal sentence.

Sui Juris petitioner, "Marvin Crawford; Thompson," herewith demands proof of claim(s) of the allegations made by Donnis W. Bethel therein his Affidavit submitted on or about the 5th Day of November of 2007.

"Marvin Crawford; Thompson,"
P.O. BOX 5000
Yazoo City, Ms. [39194]

"Marvin Crawford; Thompson," Affiant and
Injured Party
In Care of "Vills": posting location
P.O. Box 5000
Yazoo City, [39194] without recourse
UNITED STATES POST OFFICE
**Mississippi Republic Territory, America**

AFFIDAVIT IN SUPPORT OF CAUSE OF ACTION

STATEMENT OF FACTS

| | | |
|---|---|---|
| province of Mississippi | ) | |
| for the Republic | ) | |
| | ) | Signed and Affirmed |
| Yazoo county | ) | |

AFFIDAVIT OF the living, breathing, sentient <u>Gensman</u>
known by the appellation
"Marvin Crawford; Thompson"
<u>by Special Visitation</u>

"Indeed no more than an Affidavit is necessary to make a prima facie case." <u>U.S. v. KIS,</u> 658 F.2D (7th Cir. 1981); Cert Den., 50 U.S.L.W. 2169, Supreme Court, March 22, 1982

"NOTICE TO AGENT IS NOTICE TO PRINCIPAL"
"NOTICE TO PRINCIPAL IS NOTICE TO AGENT"
"APPLICABLE TO ALL SUCCESSORS AND ASSIGNS"

RE: UNITED STATES OF AMERICA -AND- MARVIN C. THOMPSON, CIVIL ACTION NUMBER 3:07cv915-ID IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA

Respondent(s):

Donnie W. Bethel, BAR ATTORNEY
AND
UNITED STATTES OF AMERICA

**Affidavit**
Page 2

**GREETINGS to <u>All</u> Whose Presents May Come:**

Standing on the Five Principals of Lights - **Love, Truth, Peace, Freedom, and Justice;** and The Magna Carta, **Affiant,** the living, breathing, sentient <u>Gensman</u> known by the appellation "Marvin Crawford; Thompson," under the laws of nature, being of sound mind, and over the age of twenty-one, reserving all natural and absolute Rights, being unschooled in the law, and who has no bar attorney, without an attorney, and does not waive counsel, knowingly and willingly declare and duly affirm, according to law, by special visitation, in good faith, with no intention to delay or obstruct, and with full intnet to preserve and promote justice, do hereby state that the following Rebuttal and Proof of Claims in response to the AFFIDAVIT OF DONNIE W. BETHEL, filed on November 5, 2007, in the above-referenced Civil Action are of Affiant's own first-hand knowledge; that Affiant does solemnly affirm, declare and depose; that Affiant is competent to state the matters set forth herein; that Affiant's personal knowledge and belief of the facts stated herein and all facts stated herein are true, correct, complete and certain:

### Proof of Claim(s)

(1) Affiant states that, respondent can not demonstrate that respondents Affidavit is not made in bad faith, with intention to delay and obstruct justice.

(2) Affiant states that, respondent can not demonstrate that respondent was not representing the interest of the UNITED STATES OF AMERICA as of December 1, 2005.

(3) Affiant states that, respondent can not demonstrate that the assistance of a handwriting expert would not positively clarify the issue of whether Affiant signed the alleged ticket at the time of his arrest.

(4) Affiant states that, respondent can not demonstrate that respondent's assertion as to Sylvia Banks is not based upon speculation and not facts, which are required to support an Affidavit.

(5) Affiant states that, respondent can not provide proof of his claim(s) that Affiant instructed Ms. Banks to lie on his behalf and claim ownership of the gun found in the bag, and this Court **shall** not consider **any** assertions stated therein respondent's Affidavit which are not statements of facts.

Affidavit
Page 3

(6)   Affiant states that, respondent can not demonstrate that the information therein Andreena Lynch's sworn Affidavit was not brought to the attention of respondent or respondent's investigator.

(7)   Affiant states that, respondent can not demonstrate that the arrest was not recorded.

(8)   Affiant states that, respondent can not demonstrate that the assistance of an expert will not reconstruct the videotape.

(9)   Affiant states that, respondent can not demonstrate that the respondent knew that the Court would not sustian his objection to a continuance.

(10)  Affiant states that, respondent can not demonstrate that an objection to the continuance would not have been effective in foresight of the matter.

(11)  Affiant states that, respondent can not demonstrate that the Affiant did not understand the issue of suppressing the fruit of the search of Affiant's car; Affiant's understanding is that, if an act is illegal then it should not be sustained under any circumstances.

(12)  Affiant states that, respondent can not demonstrate that having the cocaine tested would not have proved material to the defense.

(13)  Affiant states that, respondent can not demonstrate that the Court would not have found that the gun did not belong to Affiant had the defense established that the substance was not cocaine.

(14)  Affiant states that, respondent can not demonstrate that the Court would not have violated the terms of Affiant's supervised release had the above-stated facts been established by the defense in favor of Affiant.

(15)  Affiant states that, respondent can not demonstrate that Affiant did not suggest that Lt. Wood planted the bag with cocaine and gun in Affiant's car.

(16)  Affiant states that, respondent can not demonstrate that Affiant did not testify that the bag was not on the front seat of Affiant's car before Lt. Wood arrived on the scene.

(17)  Affiant states that, respondent can not demonstrate that Ms. Thompson did not have knowledge of the traffic stop or the bag allegedly found in Affiant's car.

(18)  Affiant states that, respondent can not demonstrate that Affiant did not express a belief that Ms. Thompson should have been called as a witness at the hearing to testify on behalf of Affiant.

(19) Affiant states that, respondent can not demonstrate that Mr. Tony Malone did not have knowledge of the traffic stop or the bag found in Affiant's car.

(20) Affiant states that, respondent can not demonstrate that Mr. Malone would not testify voluntarily on behalf of Affiant concerning complaints of racial profiling and harrassment by Lt. Wood from Affiant and other black citizens of Lanett, Alabama.

(21) Affiant states that, respondent can not demonstrate that Affiant did not object to the decision not to subpoena Mr. Malone as a witness on Affiant's behalf.

(22) Affiant states that, respondent can not demonstrate that the tesimony of Officers Clark and Cox would not have supported Affiant's case.

(23) Affiant states that, respondent can not demonstrate that the transcript of the preliminary hearing does not reflect that Lt. Wood testified that Lt. Wood did not issue Affiant a ticket at the time of Affiant's arrest.

(24) Affiant states that, respondent can not demonstrate that Mr. Ingram did not have any testimony of value to offer on Affiant's behalf.

(25) Affiant states that, respondent can not demonstrate that Affiant did not discuss with respondent the decision not to call Mr. Ingram as a witness on behalf of Affiant.

(26) Affiant states that, respondent can not demonstrate that Affiant did not discuss with respondent the appeals process as respondent asserts therein his Affidavit.

(27) Affiant states that, respondent can not demonstrate that respondent's Affidavit does not state facts, but rather, is based upon assumption, speculation, and fraud, without valid and admissible evidence as proof of respondent's claims.

Further, Affiant sayeth Not.

Dated: The _17th_ Day of the ~~ELEVENTH~~ _Twelfth_ Month in the Year of **Two Thousand Seven.**

**Respectfully made and executed in good faith, by:**

I Am.

_Marvin C Thompson_, All Rights Reserved, the living, breathing, flesh-and-blood Gensman known by the appellation "Marvin Crawford; Thompson," Affiant and Injured Party.

### Rebuttal

In accordance with the Great Commercial Maxims, good and honorable Men have agreed that "An unrebutted Affidavit stands as truth in Commerce," and "An unrebutted Affidavit becomes the Judgment of the Law." Affiant herewith presents his point-for-point rebuttal of respondent's Affidavit by Affiant's counter Affidavit executed under oath, sworn true, correct, certain and complete; and that each and every point that is not rebutted stands as the truth, the Judgment of the law, and the stipulation concerning, said unrebutted point.

Further, Affiant demands that within a reasonable time respondent provide adequate proof of claims in support of respondent's Affidavit, doing so in the manner of Affiant's Affidavit, using your Christian name or Baptismal name or name given at birth, given in upper and lower case format, not all-capital-letters, hence being a fully liable breathing woman or man, responsible/liable for everything you say and do, dealing with primary liability and addressing the issues in fact, secondary evidence is only admission to the primary liability and shall be held by the Court as contempt.

Affiant further states that the court shall strike respondent's Affidavit from the record as part of its consideration upon respondent's failure to state facts and support those facts with evidence which proves each factual statement.

### Verification and Certification

The undersigned Affiant, the living, breathing, flesh-and-blood <u>Gensman</u> known by the appellation "Marvin Crawford; Thompson," does herewith declare and affirm that Affiant executes this Affidavit as witness and victim with sincere intent, that Affiant can competently state the matters set forth herein, that the contents are true, correct, complete, and certain, not misleading, and the truth, the whole truth, and nothing but the truth as per Affiant's best first-hand knowledge and understanding.

Dated: The 17th Day of the ~~Eleventh~~ Twelfth Month in the Year **Two Thousand Seven**.

Signed and Sealed in peace and light, by: *Marvin C. Thompson*

Affidavit
Page 6

I Am.

*Marvin C. Thompson* ©, All Rights Reserved, the living, breathing, flesh-and-blood Gensman known by the appellation "Marvin Crawford; Thompson," Affiant and Injured Party.

# [Further Clarification]

Petitioner is still awaiting the Governments response in order to comply with the Courts instructions regarding response to governments claim of meritless. The additional motion to amend/expand the record if viewed favorably for petitioner should not reflect on the Courts consideration not to eliminate any remaining supervised release. Petitioner seeks to be considered for his years of clear conduct and his over 20 months of clear conduct presently. see. Exhibits supporting petitioners request for consideration for relief.

To rule in favor of petitioner and apply the sentence reduction to the remaining supervised release and alleviate any further ties to the United States, would serve justice to the petitioner, and he prays that the Court would oblige this request. Petitioner asks that this Court would let the considerations of the 14+ years that he has been under the Governments authority housed or on supervised release, Moved it to grant relief based on the totality of his flawless conduct and not the isolated incident he is presently attempting to absolve himself from, due to the acts and omissions beyond his control.

Sincerely Submitted

Maurice C Thompson

December, 17th 2007