IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN C. THOMPSON | ) | |
| Petitioner | ) | CIVIL ACTION NO. |
| v. | ) | 3:07 cv 915-ID |
| UNITED STATES OF AMERICA | ) (MOTION FOR DISCOVERY) | |
| | ) Subpoena | |
| RESPONDENTS | ) | |

RECEIVED
2008 JAN -2 A 10: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Now comes petitioner, pursuant to **RULE 45 federal rules of civil procedure (c) for production, inspection, copying, testing, or sampling. if** seperate from a subpoena commanding a person's attendance, from the court to the district where the production or inspection is to be made. In section (c)(3) states that the clerk shall issue subpoena signed, but otherwise in blank, to a party requesting it, who shall complete it before service. **petitioner** states that due to the insufficiency of the instant record and the appellate record, the following evidence would serve judicial fairness and the courts integrity with regards to the ministerial process entrusted to this court. petitioner was denied the full resources afforded to him at every stage of his violation process to date the production of the evidence, records, hearings files, documents, electronic recordings(video/audio), step process for traffic citation form the officer to its destination to the circuit clerk, copies of city of lanett police procedure for traffic stops, drawing weapons, terry frisk, search seizure, impoundment procedures, search and removal of passengers(female) by male officers, from vehicles, chain of custody for video/audio tapings of traffic stops, field testing of evidence, chain of custody procedures & process.
**In accordance with "facts that support motion"** are as follows; on November 17 2005 petitioner has stated that he did not recieve a traffic citation, Lt. Steven Wood testified that he issued petitioner a citation according to §32-1-4(a) [Ala. Code 1975] **once the officer signs the UTTC(Uniform traffic ticket** the arresting officer is to

(2)

'forthwith release him fro custody. The officer may fyrther detain the driver **only** if he has probable cause to **Arrest** the deiver for some other non-traffic offense, see Hawkins v. state 585 so.2d 154 (Ala.1991), or has a <u>reasonable suspicion</u> of the driver's envolvement in some other criminal activity justifying further detention for investigatory purposes under <u>**TERRY V. OHIO** 392 U.S. 1, 88 Sct 1868, 20 LEd 2d 889(1968) see U.S. Tapia, 912 F2d 1367(11th Cir.1990)</u>. Specific, Particularized, and Articulable reasons indicating that the person[stopped] is involved in criminal activity. petitioner did not meet any of these elements for a lawful stop and due to 6th Amendment failure of his defense counsel; petitioner was convicted without the pre-trial discovery that would have removed the taint of the testimony and allegations of the governments only witness, the discovery requested if allowed will prove perjury by LT. Steven Wood and renew the integrity of petitioners defense. Defense counsels errors have already allowed tainted planted evidence to proceed to revocation hearing **has caused not just procedural default but** also see **U. S. V. Cronic** 466 U.S. 648 104 SCt 2039 80 LEd2d 657(1984). Where failure to provide sufficient adversial challenge to the prosecutions case and offerring no challenge to the evidence of any factual substance denied petitioner due process, and discovery seeks to correct these errors in this motion.

Done this 27th day December 2007.    *Marcus C. Thompson*