IN THE DISTRICT COURT OF THE UNITED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARVIN C. THOMPSON, )
    Petitioner, )
)
V. ) Civil Action No. 307:cv915-ID
)
UNITED STATES OF AMERICA, )
    RESPONDENT. )

MEMORANDUM SUPPLEMENT

In petitioners haste, to submit his memorandum and additional supporting documents, caused by the failure of the government to meet its burden of compliance to the courts <u>November,14 2007 order on motion,</u> denying the due process and <u>equal</u> treatment impressed upon petitioner by the court regarding the no exception clause with respect to the compliance of the F.Rules Civ.Proc. The petitioner being held to comply with the courts directives did, proceed to comply with the courts order before the deadline of January,3 2007. petitioner therefore prays that the court will accept the supplement issue's in support of petitioner's assertion for Jurisdiction issue's raised in **addenda #1** of the §2255 complaint and the Ineffective assistance claims in Addend's one and four. **WHEN A VEHICLE IS STOPPED FOR A MOTOR VEHICLE INFRACTION, THE POLICE <u>MAY NOT ENGAGE IN A "FISHING EXPEDITION"</u>IN AN EFFORT TO DEVELOP ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY. <u>UNITED STATES V. PRUITT,174 F.3d 1215, (11th Cir. 1999)</u>**."[ The officer's]questions following the stop should of been directed to securing[Defendant's] license,registration and insurance papers. Once such brief questions was completed, [defendant] and others should have been free to go,as the]officer('s)] was provided at that time with no reasonable suspicion of [defendant's] criminal activity.In such circumstances,**fishing**

expedition' questions such as 'what do you do for a living?' and 'how much money did your van cost?' **ARE SIMPLY IRRELEVANT, AND CONSTITUTE A VIOLATION OF TERRY."** Id. at 1221. Officers Wood and Clark never communicated the detention and unlawterry frisk of petitioner **MARVIN THOMPSON**, to proceed from **FRISKING AND ARRESTING EARNEST LYMAN**, to approaching passenger side of vehicle and questioning the passenger, clearly exhibits similar behavior the court found violative in Pruitt, also in Alabama Criminal Code and rules §349.5(12) states **"probable cause to believe that a driver committed traffic violation is not sufficient justification by itself to make IMPOUNDMENT of VEHICLE reasonable under fourth amendment.** 349.5(c)(2) Impoundment allowed if driver unable to remove vehicle from public location without continuing it's illegal operation. **SEE Affidavit of SylviaLynch.** 349.5(12) Search's and Seizures(Key66) **whether impoundment is warranted under community caretaking doctrine depend on location of vehicle and police officer's duty to prevent it from creating hazard to other drivers or being target for, vandelism or theft.** Petitioner directs the court to the Preliminary hearing transscript @ page (10)L-10, where lieutenant wood attempts to justify the removal of passenger from the vehicle and the **Impoundment** of petitioner's vehicle that brought about the fourth amendment violation. petitioner was and passenger were held at gun point and unlawfully detained for being illegally parked. Nothing else in the preliminary hearing transcript or the federal record support the terry frisk of petitioner and his passenger. Defense counsel's performance at the pretrial stages could have easily uncovered these violations against the petitioner had he adequately investigated the petitioner's not guilty claim. Lieutenant wood broke all the city policies and constitutional rights cited in petitioners §2255 claim and did forge his signature, plant evidence, and destroyed, the video tape to cover up his deeds. in totality petitioners assertions represent much more than speculation or co-incidences, and warrant, swift precise action. The actually innoccent deserve swift judicial remedy.

**CERTIFICATION**

Petitioner does hereby certify that the foregoing is true and correct to the best of his knowledge and belief.a copy has been provided for the U.S. Attorney and due to petitioner not having an address for this office,he has complied by sending a true copy of this and everything he has sent the court by providing everything labeled for the U.S.Attorney,with the exception of the preliminary hearing transcript,that he had no funds to copy.

Copies Sent To U.S Attorney 1/16/08

Done this ~~2nd~~ 3rd day of December 2008.

*Warren C. Thompson*

CERTIFICATE OF SERVICE AND/OR MAILING

CASE NAME: MARVIN C. THOMPSON v. UNITED STATES OF AMERICA

CASE NUMBER: 3:07cv915-ID

I, the undersigned, hereby **affirm** that on this 3rd day of January, 2007. I deposited in the receptacle for the United States mail, provided for inmates at this Institution, first class postage prepaid, in a sealed envelope to;

A true and correct copy of the attached documents identified as follows: (2) Copies of MEMORANDUM SUPPLEMENT/CERTIFIED
1· U.S. DISTRICT COURT
1· U.S. ATTORNEY

In accordance with Houston v. Lack 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct and this declaration was executed on January 3rd, 2007.
AT Yazoo City, Mississippi.

*Marvin C. Thompson*