|  |  |
|---|---|
| MARVIN C. THOMPSON<br>    Petitioner, | ) |
|  | ) |
|  | )    ONLY TO REF: CIVIL NO-3:07cv915- |
| V | ) |
|  | ) |
| UNITED STATES OF AMERICA<br>    Respondents, | ) |
|  | ) |

## MOTION FOR HEARING ON NEW EVIDENCE
## STYLED FIRST AMENDMENT PETITION TO
## REDRESS GRIEVANCE BY JUDICIAL REVIEW

**The Matter referenced above;**

was construed as a statement of facts supporting claims,and entered it under the current § 2255 that was before it for review.The petitioner does understand how what he intended to be an introduction to his petition for redress grievance by judicial review was not entered as he had intended.Due to the caption and reference manner he chose.Petitioner does now seek to have that matter re-considered and corrected by this motion.The primary purpose for the initial filing on March 10 2008 and the re-filing that the court finally recieved on March 21,2008 was to address the matter styled as exhibit (**A**) the state courts order **Dismissing** all charges stemming from the **November 17,2005** arrest which caused the Violation of this petitioners supervised release.Petitioner seeks a set hearing/ruling regarding the Actual Innocence assertion and the documented proof that he was not guilty of the charged conduct alleged in the <u>April 4,2006 Proceedings where the court found by preponderance of the evidence that he violated the conditions of his supervised release</u> ,based solely upon the charged conduct and testimony that has been rendered insufficient to support the claims.Petitioner appeals to this courts sense of fairness and reason for an immediate review/ruling,based

upon the facts,and the states clear determination that the charges were not supported by the evidence that could connect the petitioner to any violation of law.The petitioers supervised release was violated based upon these charges and allegations that have no merit or support in law or facts and the petitioner has been severely damaged by the proceedings that caused the petition for revocation to proceed.the petitioner has suffered tremendously and along with his near terminally ill mother who has been denied adequate care since his **April 4,2005 Violation.** Petitioners supervised release was completed on **December,2006** and he has continuously been incarcerated for these false charges for over (23) months,to delay a ruling in this cause would deny the due process afforded the actually innocent and severely damage the perception of justice.Therefore petitioner beseeches this most Honorable Court to delay no further its ruling and accept the evidence in totality that has been presented and rule favorably for an immediate release of this **Aggrieved Person.**


Done this 17th day of March 2008.


I AM /s/ Maine C. Thompson

## CERTIFICATE OF SERVICE

THIS certifies that on or about March 28, 2008 a copy of this motion was sent to the office of the assistant U.S. ATTORNEY TOMMIE BROWN HARDWICK at P.O. BOX 197 Montgomery AL 36101-0197 by prepaid U.S. Postal Mail.

Done this 28th Day of March 2008

I AM *Marc C. Thompson*

CERTIFICATE OF SERVICE

I *Marvin C. Thompson* Do hereby certify that a copy of the original motion and attachments were sent postage pre-paid U.S.Postal mail to the parties named herein..

United States District Court
Assistant U.S. Attorney;Tommy Brown Hardwick
Federal Defender; Donnie W. Bethel

Done this 10th day of March 2008

*Marvin C. Thompson*

Case 3:07-cv-00915-ID-TFM   Document 27   Filed 04/09/2008   Page 5 of 14
Case 3:07-cv-00915-ID-TFM   Document 6-3   Filed 11/19/2007   Page 1 of 4
Case 3:07-cv-00915-ID-TFM   Document 1-4   Filed 10/11/2007   Page 1 of 4

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

F I L E D

# UNITED STATES DISTRICT COURT
## Middle District of Alabama
### Eastern Division

JAN 22 1993

CLERK
U. S. DISTRICT COURT
MDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.                                          Case Number CR 92-00162-E-005

MARVIN C. THOMPSON

Defendant.

**GOVERNMENT EXHIBIT**
CASE NO. 3:07cv915-ID
EXHIBIT NO. B

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, MARVIN C. THOMPSON, was represented by JEAN M. SEAY.

On motion of the United States the court has dismissed Counts thirty-seven (37) through forty-nine (49).

The defendant pleaded guilty to Count 1. Accordingly, the defendant is adjudged guilty of such count, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to Distribute Cocaine Base; | 05/24/92 | 1 |

As pronounced on January 19, 1993, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the Clerk of the United States District Court a special assessment of $ 50.00 for Count 1, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 22nd day of January, 19 93.

_____
United States District Judge

Defendant's SSAN: ▓▓▓▓
Defendant's Date of Birth: ▓▓▓▓
Defendant's address: 2268 15th Avenue, S.W., Lanett, Alabama 36863

EOD 1-25-93

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4 Pages

Defendant: MARVIN C. THOMPSON
Case Number: CR 92-00162-E-005

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred thirty-seven (137) months.

The defendant is to stand committed for service of this sentence this date.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 3:07-cv-00915-ID-TFM     Document 27    Filed 04/09/2008    Page 7 of 14
Case 3:07-cv-00915-ID-TFM     Document 6-3    Filed 11/19/2007    Page 3 of 4
Case 3:07-cv-00915-ID-TFM     Document 1-4    Filed 10/11/2007    Page 3 of 4

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 3 - Supervised Release

Judgment—Page 3 of 4 Pages

Defendant: MARVIN C. THOMPSON
Case Number: CR 92-00162-E-005

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay as ordered any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall submit to a drug test when ordered to do so by the Probation Officer. If determined necessary by the Probation Officer, the defendant shall participate in a substance abuse treatment program as directed by the Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:07-cv-00915-ID-TFM   Document 27   Filed 04/09/2008   Page 8 of 14
Case 3:07-cv-00915-ID-TFM   Document 6-3   Filed 11/19/2007   Page 4 of 4
Case 3:07-cv-00915-ID-TFM   Document 1-4   Filed 10/11/2007   Page 4 of 4

AO 245 S (Rev. 4/90)(M.D.Ala. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 4 of 4 Pages

Defendant: MARVIN C. THOMPSON
Case Number: CR 92-00162-E-005

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report, except as follows:

### Paragraph 6:

The Court sustained the objection to the inclusion of two (2) points for the Attempted Theft of Property, II Degree, charge originating in the Valley Municipal Court of Chambers County, Alabama (VDC 88-93). With the deletion of these two (2) points, the total of the criminal history points is Seven (7). According to the Sentencing Table (Chapter 5, Part A), seven (7) criminal history points establish a Criminal History Category of IV.

It is noted that the Criminal History Category of IV, as stated in the initial report, has not changed.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 28 |
| Criminal History Category: | IV |
| Imprisonment Range: | 120 to 137 months |
| Supervised Release Range: | 5 Years |
| Fine Range: | $12,500 to $4,000,000.00 |
| Restitution: | $ -0- |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

Restitution is not ordered for the following reason: The Court finds that 18 U.S.C. §3663 does not apply in this case; therefore, an order of restitution is not entered.

The sentence is imposed at one hundred thirty-seven (137) months, which is the maximum allowable sentence. This sentence is within the applicable guideline range and is deemed to be necessary to address the sentencing objectives of punishment, incapacitation, general deterrence and overall protection of the public from further crimes of the defendant.

The Court finds that the sentence imposed is consistent with the factors stated at 18 U.S.C. § 3553(a) to be considered in imposing a sentence.

GOVERNMENT EXHIBIT
CASE NO. 3:07cv915-ID
EXHIBIT NO. E

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

No. 06-12309
Non-Argument Calendar

D. C. Docket No. 92-00162-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN C. THOMPSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(December 13, 2006)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Marvin C. Thompson appeals the district court's order revoking

his supervised release and imposing a 46-month imprisonment sentence. At the revocation hearing, Lt. Steven Woods testified that, on November 17, 2005, he discovered, in the driver's seat of Thompson's car, a fanny pack containing crack cocaine and a firearm. During his cross examination, Lt. Woods acknowledged that Thompson's ticket number from the November incident was out of sequential order from other tickets that he had issued before and after the incident, and he had pulled Thompson over for traffic violations twice, following the incident. The district court revoked Thompson's supervised release, after finding that he had possessed crack cocaine and a firearm.

On appeal, Thompson argues that the government failed to prove by a preponderance of the evidence that he violated the conditions of his supervised release because: (1) there was evidence that other people had opportunities to leave the contraband in his car without his knowledge; and (2) there was no evidence presented showing that he had actual or constructive possession of the contraband.

"A district court's revocation of supervised release is reviewed under an abuse of discretion standard." *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). The revocation of supervised release is authorized when a court finds that a defendant violated a term of his supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694,

2

700, 120 S. Ct. 1795, 1800, 146 L. Ed. 2d 727 (2000).

Possession can be either actual or constructive. *United States v. Faust*, 456 F.3d 1342, 1345-46 (11th Cir. 2006) (controlled substance), *cert. denied*, ___ S. Ct. ___ (U.S. Nov. 13, 2006) (No. 06-7242); *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir.) (firearm possession), *cert. denied, Cantillo v. U.S.*, 543 U.S. 937, 125 S. Ct. 324 (2004). Constructive possession need not be exclusive and "can be established by showing ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." *United States v. Poole*, 878 F.2d 1389, 1392 (11th Cir. 1989) (holding evidence sufficient to prove constructive possession where, although defendant did not have exclusive control over house where substance was found, she owned, exercised dominion, and control over the house).

After reviewing the record, we conclude that the district court did not abuse its discretion by revoking Thompson's supervised release. The evidence showed that authorities discovered a fanny pack, containing crack cocaine, and a firearm, in the driver's seat of Thompson's vehicle, shortly after he had been driving it in circumstances suggesting that he may have been involved in a drug deal. This evidence established that, more likely than not, Thompson constructively possessed the contraband.

3

Thompson next argues that the district court failed to give adequate consideration to evidence showing that Lt. Woods's testimony was incredible and biased, as indicated by his testimony that he issued Thompson a ticket number out of sequence from his previous tickets, and evidence regarding Lt. Woods's harassment of Thompson via multiple traffic stops. He contends that the district court made an erroneous credibility determination because: (1) its factual findings mirrored Lt. Wood's testimony; and (2) it did not discuss whether Lt. Wood's rendition of the events was to be believed. Lastly, he argues that the record does not reflect that the court considered the government's lack of fingerprint evidence.

A person accused of violating a condition of supervised release is entitled to, *inter alia*, an opportunity to appear, present evidence, and question any adverse witness, and to make a statement and present evidence in mitigation. Fed.R.Crim.P. 32.1(b)(2). "The credibility of a witness is in the province of the factfinder and [we] will not ordinarily review the factfinder's determination of credibility." *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).

Because the district court allowed Thompson to present his evidence and cross-examine adverse witnesses, indicated that it had taken Thompson's arguments under advisement, and made factual findings that were largely corroborated by Thompson's own testimony, we conclude that the district court

4

afforded Thompson adequate due process, and its factual and credibility determinations were not clearly erroneous.

Thompson next argues that his revocation sentence was unreasonable because the district court made no explicit statement indicating that it considered any of the factors set forth in 18 U.S.C. § 3553, and there was nothing in the record to imply that the district court considered them.

Sentences imposed for a violation of supervised release under an advisory guidelines system are reviewed for "reasonableness." *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). Section 3583 of Title 18 provides that the district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony[.]

18 U.S.C. § 3583(e)(3).

Further, Chapter 7 of the Sentencing Guidelines, which governs violations of supervised release, contains policy statements, one of which, § 7B1.4, provides

5

Mr. Marvin Thompson 84302-020
Yazoo Federal Correctional Inst
P.O Box 5000 | 1BL
Yazoo City MS. 39194

JACKSON
USA 39
USA 39
USA 39
USA 39
39 USA

Office of The Clerk
United States District Court
P.O Box 711
Montgomery Ah. 36101-0711