MARVIN CRAWFORD THOMPSON
    Petitioner

V

UNITED STATES OF AMERICA



2008 APR 30  A 10: 28    REF:3:07cv915-ID

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

## MEMORANDUM BRIEF

BEFORE THIS MOST HONORABLE COURT;

The petitioner proceeding by independent action citing newly discovered evidence which by due diligence could not have been discovered in time for petitioner to have his ineffective counsel's frivolous appeal to this court withdrawn. The fraud surrounding petitioner's revocation of supervised release is now so clearly apparent that the lower court appears to be seeking methods to delay review contrary to facts and laws pursuant to 18 U.S.C. § 3553(a),3583(d)(e)(3)&(g).The U.S. Probation Office filed a petition to terminate petitioner's supervised release in November 2005. The United States initiated proceedings for revocation of petitioner's supervised release after he was arrested for violation of state law.The District Court Conducted a hearing and found by a preponderance of the evidence that he had violated the terms his supervised release,and sentenced petitioner to a term of (46) Months to serve followed by an additional year of supervised release.Judgement was entered in his case on April 11,2006.Petitioner's Counsel filed a frivolous appeal based reasonable doubt standards clearly pointed out to him throughout the hearing as erroneous.

The numerous prejudicial errors in defense counsel's representation allowed perjured testimony to be accepted as truth and erroneously upheld by the lower court when considering credibility issues.The combined Errors of counsel and the court denied petitioner due process according to **Strickland,violated petitioner's access to review for** Clearly Erroneous Credibility determination pursuant to"United States v. Copeland,20 F3d 412,413(11th Cir. 1994) In the governments Reply Brief **(NO.06-12309-J)**several arguments were made in defense of the frivolous appeal submitted by defense counsel on behalf of petitioner,the facts and laws presented based on the petitioner's alleged violations were based on perjured testimony that defense counsel deliberately withheld from the revocation proceedings and the appellate brief.At no time was petitioner afforded the basic due process he was guaranteed.where witnesses were kept from testifying due directly to counsels refusal to contact or call them into the courtroom.Petitioner has made theses allegations known to the District Court,yet without consideration petitioner has been delayed in his § 2255 Motion and his **New evidence claim continues to be overlooked after presentation of the** State of Alabama court order dismissing all charges which initiated the revocation proceedings. Sworn affidavits were also submitted with petitioner's § 2255 Motion and Two prominent city figures from Lanett that were willing to testify were also denied an opportunity to testify per counsels prejudicial negligence.The case before this court is not new,only the decision to temper justice with mercy is at issue,where the petitioner has continuously maintained his innocence and now has evidence supporting this assertion.The violations for which petitioner was revoked,were erroneous and unlawful,the State Court determined that the in light of the numerous violations and lack of credibility of Lieutenant Steven Wood,**where the court ordered (ALL) charges stemming from the NOVEMBER 17,2005 Arrest,Warrant,Indictment,and forged Traffic ticket dismissed.**Therefore the court accepting the perjured testimony and planted evidence as true was clearly erroneous and in light of this miscarriage of justice petitioner,s actual innocence claim is due to be granted.

In 8 Led 2d 30 states ¶Since our statutes and rules make an appeal in a criminal case a matter of right,the burden of showing that that right has been abused through the prosecution*of frivolous litigation should at all times be on the party making the suggestion of frivolity.It is not the burden of the petitioner to show that his appeal has merit,in the sense that he is bound or likely to prevail ultimately,he is to be heard,as is any appelant in a criminal case,if he makes a rational argument on the law or facts.It is the burden of the government,opposing an attempted criminal appeal in forma pauperis,to show that the appeal is lacking in merit,indeed that it is so lacking in merit that the court would dismiss the case on motion of the government,had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements.In Headnote(21)states"This Rule first acknowledges the importance to the sovereign *to the accused and to society of a criminal prosecution.When society acts to deprive one of its members of his life,liberty,or property,it takes its most Awesome Steps.No general respect for nor adherence to the law as a whole can well be expected without judicial recognition of the paramount need for prompt,eminently fair and sober law procedures". To have the Highest Court in the land determine the need speedy disposition of such cases,as in petitioner's case also warrant's.It being firmly established that this Appellate Court has jurisdiction over **Good Faith Appeals**,and the authority to release an actually innocent petitioner either on appeal bond or by a ruling/order of immediate release for unlawful arrest,and revocation from his supervised release having now presented substantial facts and law supporting his assertion of actual innocence along with the record and facts of the case where termination of the governments only witness for perjury and behavior unbecoming a sworn officer of the law has occurred,deserves justice by having his liberty immediately reinstated where proof that vindication from the charges have demonstrated the innocence maintained continously.petitioner asks that this honorable court view his need for freedom as no less important than former Governor siegelman's and grant his freedom immediately.

**IN CONCLUSION** the law of the case is such that had the **March 4,2008** state court order been available for either the District Court or the Appellate Court to to review and consider, the preponderance of the evidence would have established that no jurist would have found petitioner guilty of violating his supervised release or the lower court with an affirmative ruling on appeal.Nevertheless the court has the unique opportunity to rank petitioner's case with those of the innocent due to the lower court's determination that state of Alabama failed to determine that petitioner had violated any laws.The case where petitioner has been Accused of violating 3553/3583 pursuant to petition of the U.S.probation office must fail and petitioner's liberty reinstated due to completion of his original term of supervised release.Petitioner moves this appellate court for an order not to exceed (72 Hours)for petitioner's immediate release and at some later date a hearing on a sum certain.

*Maue C. Thompson*
4/28/08

## CERTIFICATION

I *Maue C. Thompson* DO HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SENT U.S.POSTAL MAIL TO THE PARTIES NAMED HEREIN.

U.S.District Court
U.S.Attorneys Office

Marvin C Thompson/84302-020
Yazoo Federal Correctional Inst
P.O.BOX 5000/1BL
Yazoo City MS 39194





UNITED STATES DISTRICT COURT
office of th clerk
P.O.BOX 711
Montgomery AL 36101-0711