MARVIN C. THOMPSON
     Petitioner

V.

UNITED STATES OF AMERICA

RECEIVED

2008 APR 28 A 10: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No 3:07cv915-

## APPEAL FROM THE COURTS ORDER

IN PROPIA PERSONAM;

And pursuant to **28 § 1915** Habeas Corpus Proceedings,**Moles V State of Oklahoma(1974) 384 F.Supp** see Also **Gilland V U.S.297 F.Supp.**In 28 § 1915(.39) Burden of Proof states that the "Burden of proof is upon the government opposing attempted criminal in forma pauperis to show that appeal is so lacking in merits that the court would dismiss case on motion of government had case been docketed and record filed by appellant able to afford expense complying with those requirements.**Coppege V U.S.Dist Col.1962 82 Sct.917 369 U.S. 438.8LEd 2d.21.**The fact that the District court construed petitioner's Appeal as containing a motion to proceed on appeal in forma pauperis and a motion for certificate of appealability without first confirming petitioners intentions was an abuse of discretion and attempts to deprive petitioner of appellate review,where the state court's order dismissing (ALL) charges not only demonstrates petitioner's merits but also supports his claim of not guilty,proving **Actual Innocence.**The petitioner has established a constitutional right and need not convince a judge or for that matter three judges that he would prevail,but must demonstrate that **reasonable jurists** would find the District Courts assessment of the Constitutional Claims debatable or wrong.The Petitioners appeal is based upon the merits of actual inno-cence,clearly a conviction in violation of the Constitution warrants a hearing based upon **new evidence provided by the state of Alabama,and depriving petitioner**

of the fundamental fairness that the evidence supports where the court and Government

have failed to state a claim upon which relief can be granted.The affidavit originally

submitted along with the original : 2255 and the numerous violations of law further

supports the claim's that petitioner's due process was denied at every stage of

the proceeding and by this miscarriage of justice,the appellate court has a duty

to set aside the formalities of legalese and judicial impropriety and assume the

jurisdiction originally within its authority allowing the record and the facts according

to law to prevail on behalf of the petitioner.Every day that petitioner continues

to remain deprived of his liberty unlawfully,further serves to demonstrate injustice

and denial of due process.

Done this _24th_ day of _April_ _____2008

I AM _Marvin C. Thompson_

### CERTIFICATION

I _Marvin C. Thompson_ do hereby certify that a copy of the foregoing was sent

U.S.Postal Mail to the U.S.District Court P.O.BOX 711,Montgomery AL 36101-0711 and

to the U.S. Attorneys Office one Court Square-Suite 201 Montgomery AL 36104

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN C. THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 3:07cv915-ID |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On April 21, 2008, Petitioner filed a notice of appeal, which the court construes as containing a motion to proceed on appeal *in forma pauperis* and a motion for certificate of appealability. (Doc. No. 30.)

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," Coppedge v. United States, 369 U.S. 438, 445 (1962), or "has no substantive merit." United States y. Bottoson, 644 F.2d 1174, 1176 (5th Cir. Unit B. May 15, 1981) (per curiam). In addition, a certificate of appealability is necessary before a petitioner may pursue an appeal in a habeas corpus proceeding. See 28 U.S.C. § 2253(c). To mandate the issuance of a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

Applying these standards, the court is of the opinion that Petitioner's appeal is without a legal or factual basis, and, accordingly, is frivolous and not taken in good faith, see Rudolph v. Allen, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam), and that the order which Petitioner appeals is not a final appealable order. See 28 U.S.C. § 1291. Furthermore, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Accordingly, it is CONSIDERED and ORDERED that Petitioner's motion to proceed on appeal *in forma pauperis* and motion for certificate of appealability be and the same are hereby DENIED and that the appeal in this cause is hereby certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith.

DONE this 22nd day of April, 2008.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

Mr Marvin C.Thompson/84302020
Yazoo Federal Correctional Inst
P.O.BOX 5000/1BL
Yazoo City MS 39194



Office of the Clerk
U.S.District Court For The
    Middle District Of Alabama
    P.O.BOX 711
    Montgomery AL 36101-0711