Marvin C. Thompson §
    Petitioner
                       §



                       §

V                        §    REF:Appl No.08-12057-G
                       §       Dist Court No.92-009CV-D-E
                       §       Sec Case No.92-00162-CR-D-E

United States Of America §
    Respondents
                       §

                       §

3:07cv915

## MEMORANDUM OF FACTS

**Petitioner Now Comes;**

Pursuant to the following facts and **Fed.R.App.P.22(b) and 24(a)**, per the enclosed form and attached affidavit of financial status. Petitioner seeks to further detail and clarify his indigent status by including the affidavit attested to under penalty of perjury that any funds credited to petitioners account belongs to the fian'ce of the petitioner and has been held for the purpose of saving for her. Petitioner's account reflects that the majority of those funds were indeed sent to petitioner by her and only a small portion has been used for petitioners needs. all proof available upon request. Petitioner asserts that the matter before the most esteemed court is one that originated in the district court through the petition of the U.S. Probation Department premised upon **Fraud** and a clear manifest injustice. The arresting officer on **November 17,2005** made an unlawful stop of petitioners vehicle unlawfully detained petitioner and his passenger, arrested petitioner unlawfully, removed his passenger from the vehicle unlawfully, performed an unlawful search and seizure of petitioners vehicle, unlawfully impounded petitioners vehicle denying his passenger to leave while not being arrested

or violating any city codes statutes or laws.Petitioners Constitutional Rights have been clearly violated where the constitution is clear that the right to be free from unlawful search and seizure and restriction upon his life liberty or property shall not be infringed upon. In accordance with the rules governing **certificate of appealability** where habeas relief was denied on procedural grounds, the habeas petitioner;Must show not only that one or more of the claims he has raised presents a substantial issue about the correctness of the procedural ground on which the petition was denied.Petitioners claim was denied without consideration for the substantial evidence presented **Exhibit(A)** the State Courts Order Dismissing all charges that petitioners supervised release was violated for, and the (2) Valley Times News Articles Identifying the Governments witness as not just capable of what amounted to criminal conduct,but conduct exact in nature to the unlawful conduct against petitioner.**As the Supreme Court has Explained to make this" Substantial Showing" a petitioner must prove " That reasonable Jurist could debate whether( or,For that matter agree that) the petition should have been resolved in a different manner or that the issues presented were" adequate to deserve encouragement to proceed further".** Slack V McDaniel 529 U.S. 473,484(2000) Quoting,Barefoot V Estelle,463.U.S. 880,893 n.4(1983)

In other words,to warrant issuance of a C.O.A.,this habeas petitioner must show that" reasonable Jurists would find the district courts assessment of the Constitutional claim <u>debatable</u> or <u>wrong</u>.On December 27,2007 petitioner filed a memorandum brief to the §2255 he previously presented for review in the district court,(2) of the grounds cited detailed new evidence of the termination of the governments witness for behavior of a fraudulent nature,precisely akin to the behavior displayed against the petitioner.The forging of petitioners signature and destruction of evidence(video/audio)patrol vehicle recordings.Petitioner testified to the assertion that he was not responsible for the violation acts and that the governments witness **Lieutenant Steven Wood** was not only responsible but violated several police policies and procedures along with codes and laws.

In the District Courts April 22,2008 Order,the court construed the petitioner's appeal motion as containing a motion to proceed on appeal in forma pauperis and a motion for certificate of appealability.(DOC. No. 30.)

The District court construed petitioners appeal of the magistrates order denying petitioners evidence of actual innocence,in the light most favorable to the government.Notwithstanding the rules of Law and the precedent set by the circuit regarding the presentation of evidence of actual innocence.Where there exists a Fundamental miscarriage of justice as in the petitioners case and the further existence of a Factual Innocence Claim the District Court and its Magistrate erred in denying petitioner the relief he seeks and by refusing to allow the substantial showing of Fraud,Falsifying of documents evidence planting and perjury to be presented.The petitioners §2255 presently before the district court supported by affidavits and assertions of ineffective assistance of counsel along with misconduct by defense counsel for denying eye witness testimony and rebuttle witnesses,coupled with the Valley times News Featured Articles of the termination of the Governments only witness **LT Steven Wood**,and now the the **March 4,2008 State Court Prosecutors Motion to dismiss all Charges arising from the November 17,2005 arrest,has provided overwhelming evidence supporting petitioners Actual Innocence Claim.** In Gonzalez v. Abbott,967 F. 2d 1499(11th Cir. 1992) " Id.The Eleventh Circuit concluded that this claim,if legally founded,establishes that Gonzalez's conviction for cocaine conspiracy is void and cannot be a legal cause of imprisonment-- Notwithstanding any procedural default. **Gonzalez,** in effect asserts that a fundamental miscarriage of justice has occurred and that he is therefore "**Actually Innocent**". Id.at 1504.

The District Court and Its Magistrate are attempting to use procedural matters to deny petitioner reconsideration where the errors have now become so apparent that it factually shows in accordance with 18-3742-(a)(1) that **the final sentence was imposed in violation of law.Notwithstanding the preponderance standard applied to the proceedings in the Violation of supervised release hearing.**The conviction and sentence now clearly show no justification by the facts and New evidence.The Court in making its determination of petitioner's lack of good faith and frivolousness does not use an objective standard,The record,Facts Witnesses,Forged Signature,Termination for misconduct,and exoneration of all charges make the substantial showing of denial of numerous constitutional rights 28 U.S.C. § 2253(c)(2).In error the district court applies the standard and fails to accept the facts of the case as appealed from,furthermore the substance of forgery and dismissal of charges alone provides sufficient substance and violation of petitioners constitutional right.Petitioners appeal and motion for Certificate of Appealability is applied in Good Faith and the need for appeal can be no more merited and apparent than in this matter.The issue of procedural default must be viewed in the light most favorable to the petitioner due to the time constraints of reviews by a district court over § 2255 proceedings,Petitioner has a right to expedited review due just to the manifest injustice that has been imposed upon his liberty well over **Twenty Five Months.**Petitioner therefore moves the appellate court for an order granting petitioner the relief sought.

Done this 13th day of May 2008.

I AM _Maurice C. Thompson_

### CERTIFICATION

I _Maurice C. Thompson_ DO HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SENT POSTAGE PRE-PAID TO ALL NAMED PARTIES. U.S ATTORNEY/U.S.DISTRICT COURT.

Mr. Marvin C. Thompson/84302-020
Yazoo federal Correctional Inst.
P.O. Box 5000/1BL
Yazoo City MS 39194

Office of The Clerk
U.S. District Court
P.O Box 711
Montgomery AL. 36101-07